McCabe, Appellant, *v.* Old Republic Insurance Company.

Argued January 5, 1967. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

reargument refused May 19, 1967.

*Harry R. Nixon,* for appellant.

*David F. Binder,* with him *Albert L. Bricklin,* and *Bennett & Bricklin,* for appellee.

OPINION BY MR. JUSTICE EAGEN, April 18, 1967:

In this action of assumpsit, Bernard McCabe, trading as McCabe Brothers (McCabe), the insured in a manufacturers' and contractors' liability insurance policy issued by the Old Republic Insurance Company (Old Republic) seeks to recover from the insurer part of a judgment of indemnity entered against McCabe in the United States District Court for the Eastern District of Pennsylvania,[1] plus interest, legal fees and costs. The court below entered judgment on the pleadings in favor of the defendant. McCabe appeals.

The relevant facts are these: McCabe was engaged in constructing a sewer pursuant to a written contract in the Township of Upper Moreland (Township). In the course of the work, one of its employees, Sixto Quinones, while laying a concrete bed for a section of the sewer pipe in a deep unshored trench, was fatally injured when the trench collapsed and buried him.

The administratrix of Quinones' estate sued the Township for damages, under the Pennsylvania wrongful death and survival statutes, in the United States District Court for the Eastern District of Pennsylvania. The Township impleaded McCabe as a third-party defendant seeking indemnification at law or contribution and contractual indemnification.[2]

McCabe requested Old Republic to defend the suit on its behalf. Old Republic refused on the ground that

---

[1] See, *Quinones v. Twp. of Upper Moreland,* 187 F. Supp. 260 (E.D. Pa. 1960) *"modified"* 293 F. 2d 237 (3d Cir. 1961).

[2] The basis for the claim of contractual indemnification was a save-harmless clause in the contract between McCabe and the Township, whereby McCabe agreed to "indemnify and save-harmless the Township . . . from all suits or actions at law of any kind, including all costs, attorney's fees and any expense in connection with this work."

the policy involved did not provide coverage in the circumstances. Eventually, the action resulted in the entry of an adverse final judgment in the sum of $35,000 in favor of Quinones' administratrix against the Township, and a judgment of indemnity in favor of the Township against McCabe for the same amount.

Subsequently, McCabe paid the judgment (as reduced by a workmen's compensation benefit of approximately $7000) and instituted this action. Since Old Republic's liability was limited under the policy involved to $5,000, McCabe demanded reimbursement for this amount, plus the sum of $5,741.36 in interest and costs.

The lower court ruled that certain exclusionary provisions in the policy precluded recovery. With this we agree.

The policy, inter alia, specifically excluded from coverage any liability on the part of McCabe for injury or death of an employee "arising out of and in the course of his employment by the insured." McCabe admits that Quinones was its employee and engaged in carrying out his employment at the time of the accident. However, it maintains that the injury and death did not "arise out of" his employment, but rather arose out of the absence of shoring in the trench. Citing *Mfrs. Cas. Ins. Co. v. Goodville M. Cas. Co.*, 403 Pa. 603, 170 A. 2d 571 (1961), McCabe argues that the phrase "arising out of" one's employment is vague and indefinite and hence must be construed strictly against the insurer and liberally in favor of the insured, and, so construed, means "proximately caused by" one's employment. We cannot agree that any ambiguity exists. The clause involved, when read in its entirety, is clear and definite, and, this being so, a construction may not be adopted which conflicts with the plain language employed: *Patton v. Patton*, 413 Pa. 566, 198 A. 2d 578 (1964).

It is true that in *Goodville,* supra, we ruled that the phrase "arising out of" as used in a coverage clause (as opposed to the instant exclusionary clause situation) of the particular policy involved therein was vague and ambiguous. However, the context in which the words were employed was the determining factor. It does not follow therefrom, that every time the phrase is used in an insurance policy that an indefinite meaning must be ascribed thereto. In the context of this case, the coverage clause—exclusionary clause distinction made by McCabe is of no moment. Moreover, in construing the words under discussion in a strict sense against the insurer in *Goodville,* supra, this Court stated at 607-608 : ". . . 'arising out of' *means causally connected with, not proximately caused by. 'But for' causation, i.e., a cause and result relationship, is enough to satisfy this provision of the policy."* (Emphasis added.)

Thus the interpretation given to the phrase in *Goodville,* supra, is completely *contra* McCabe's position herein, since there is an obvious causal connection between Quinones' employment and his death.

Judgment affirmed.