**FORUM INSURANCE COMPANY, Plaintiff,**

v.

**ALLIED SECURITY, INC., Liberty Mutual Insurance Co. and Norman F. Trahey, Administrator of the Estate of Ronald F. Trahey, Deceased, Defendants.**

**Civ. A. No. 87–1186.**

United States District Court, E.D. Pennsylvania.

June 30, 1988.

Stephen W. Trout, H. Joseph Byron, III, Philadelphia, Pa., for plaintiff.

G. Taylor Tunstall, Jr. & Lewis M. Levin, Philadelphia, Pa., for Norman F. Trahey.

Joshua Wall, Philadelphia, Pa., for Allied Security.

Lawrence L. Robinson, Philadelphia, Pa., for Liberty Mut. Ins. Co.

## MEMORANDUM AND ORDER

DITTER, District Judge.

■ This declaratory judgment action involves insurance coverage and raises the question: does the phrase "arising out of and in the course of employment" refer to an attack on an employee by a co-worker for purely personal reasons for which the employee's estate seeks to hold the employer liable? The parties have filed motions for summary judgment and there being no material facts in dispute,[1] the matter of the appropriate insurance coverage is one of law. *Little v. MGIC Indemnity Corp.*, 836 F.2d 789 (3d Cir.1987).

Forum Insurance Co. brought this suit to resolve whether it has a duty to defend and indemnify Allied Security, Inc. in a personal injury action brought in the Court of

---

1. On December 3, 1987, I denied defendants' motion to dismiss so that the parties could pursue discovery and submit extrinsic evidence in support of their respective interpretations of the insurance policies. In support of their motions, the parties have submitted deposition testimony from employees of the insurers and the insured. The depositions, however, only reveal a parties' subjective intent without any showing that their intent was communicated to the other contracting party. Thus, the depositions are immaterial to interpretation of the policies. *See, e.g., Little v. MGIC Indemnity Corp.* 836 F.2d at 789, 792 n. 2 (3d Cir.1987).

Common Pleas for Philadelphia County, *Trahey v. Allied Security, Inc.*, No. 5086 (October Term 1983).[2] In that case, the administrator for the estate of Ronald F. Trahey brought claims for wrongful death, survival, and punitive damages arising from the fatal assault and beating of Trahey by a co-worker, Vito Vinciguerra. Both men were security guards for Allied Security at the time of the attack. The administrator alleges that Vinciguerra acted outside the scope of his employment and assaulted decedent solely for personal reasons. He further alleges that Allied Security had actual or constructive notice of prior assaults by Vinciguerra or was aware of his animosity towards Trahey; and that the assault was caused by Allied's negligence and recklessness including, *inter alia,* failure to supervise and control its employees, improper hiring, and failure to provide a safe workplace. The parties agree that the state action pleads a common-law claim outside the scope of the Pennsylvania Workmen's Compensation Act, 77 Pa.Stat.Ann. §§ 1 et seq., which excludes from coverage "an injury caused by an act of a third person intended to injure the employee because of reasons personal to him, and not directed against him as an employee or because of his employment, ..."[3] *Id.* at § 411(1). *See, e.g., Gillespie v. Vecenie,* 292 Pa.Super. 11, 436 A.2d 695 (1981) (allegations that an employee was attacked by a co-worker for purely personal reasons stated a common-law action against the employer).

On June 24, 1988, the jury in *Trahey* returned a verdict in favor of plaintiff and against Allied Security in the amount of $800,000 on the wrongful death and survival claims. By special interrogatory, the jury found that Vinciguerra acted solely for personal reasons and thus outside the scope of the Act; that Allied was negligent in the hiring, retention, placement, supervision or control of Vinciguerra; and that this negligence was a substantial factor in the death of Ronald Trahey.

At the time of the assault on Trahey, Allied was covered under a Security Guard Policy issued by Forum Insurance which provided coverage for damages:

> Coverage A—By reason of personal injury and/or property damage including Products Hazards, arising out of Security Guard Services.
>
> Coverage B—By reason of any negligent act, error or omission committed by the Named Insured in the conduct of Security Guard Services....

Coverage under Forum's policy, however, was excluded for any claim arising out of:

> 2. Any obligation for which the Named Insured or any carrier as his insurer may be held liable under any workers compensation, unemployment compensation or disability benefits law, or under any similar law.
>
> 3. Bodily injury, sickness or disease, including death or disability at any time resulting therefrom *to any employee of the Named Insured arising out of and in the course of his employment* by the Named Insured or to any obligation of the Named Insured to indemnify another because of damages arising out of such injury (emphasis added).

Allied Security was also covered under a "Workmen's Compensation and Employers' Liability Policy" issued by Liberty Mutual Insurance Company which covered Allied for liability under a workers' compensation law or for injury by accident or disease to an employee of the insured "arising out of and in the course of his employment by the insured...."[4] The policy expressly de-

---

**2.** Forum is currently defending Allied Security under a reservation of rights.

**3.** The Act requires every employer to compensate its employees for injuries incurred "in the course of his employment." 77 Pa.Stat.Ann. § 431 (Purdon Supp.1988). A covered injury is one "arising in the course of employment" which, for purposes of the Act, excludes personal attacks. *Id.* at § 411(1). The Act's remedies

are exclusive for any injuries within its coverage. *Id.* at § 481(a).

**4.** The Liberty Mutual policy provided as follows:

Coverage A—WORKERS' COMPENSATION To pay promptly when due all compensation and other benefits required of the insured by the workers' compensation law.

fines "accident" to cover an assault and battery.

Both the Forum and Liberty Mutual policies obligate the insurers to defend Allied Security against any claim within their coverage. Under Pennsylvania law,[5] an insurer's duty to defend is determined on the basis of the allegations of the complaint in the underlying action.[6] The duty to defend arises whenever a claim *potentially* comes within the coverage of the policy. *Pacific Indemnity Co. v. Linn,* 766 F.2d 754, 760 (3d Cir.1985); *Reliance Insurance Co. v. Lexington Insurance Co.,* No. 86–6560 (E.D.Pa. June 9, 1987) [available on WEST-LAW, 1987 WL 4905]. Here, it can hardly be disputed that the administrator's claims fall within coverage B of the Forum policy as hiring and supervising of employees and providing a safe workplace, all of which, it is alleged, Allied Security negligently performed, are necessary functions in the conduct of security guard services.[7] Forum asserts, however, that exclusion three removes those claims from policy coverage; therefore, it does not have a duty to defend

Allied Security. For the reasons that follow, I agree.

■■ The phrase "arising out of and in the course of his employment" is not defined in either the Forum or Liberty Mutual policy. I find no reason, nor has any been proferred, why the phrase should not be given the same meaning under each policy.[8] If the administrator's claims in *Trahey* arise out of and in the course of Trahey's employment, they fall within coverage B of the policy issued by Liberty Mutual which then has a duty to defend.[9] If the converse is true, exclusion three of the Forum policy does not apply and it must defend Allied Security.

■ Defendants first contend that "arising out of and in the course of his employment" should have the same meaning as that ascribed to "arising in the course of employment" under the Pennsylvania Workmen's Compensation Act. This position, however, violates the traditional rule of construction that an insurance policy should be read to give effect to all of its provisions. *See Galvin v. Occidental Life Insurance Co.,* 206 Pa.Super. 61, 211 A.2d

---

Coverage B—EMPLOYERS' LIABILITY To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury by accident or disease, including death at any time resulting therefrom,

(a) sustained in the United States of America, its territories or possessions, or Canada *by any employee of the insured arising out of and in the course of his employment by the insured....* (emphasis added).

5. The parties agree that Pennsylvania law governs the interpretation of both policies.

6. The duty to defend, once established, continues until the claims can be confined outside the coverage of the policy, *Pacific Indemnity Co. v. Linn,* 766 F.2d 754, 760 (3d Cir.1985). Forum does not assert any basis for narrowing the claims in the complaint.

7. "Security Guard services" are defined as "the business of providing patrol, guard, polygraph, investigative, detective or other similar services...."

8. If a term or phrase in an insurance policy is ambiguous, it must be construed strictly against the insured and in favor of coverage while the words and phrases of an unambiguous policy must be given their plain and ordinary mean-

ing. *Pacific Indemnity Co. v. Linn,* 766 F.2d 754, 763 (3d Cir.1985); *Northbrook Insurance Co. v. Kuljian Corp.,* 690 F.2d 368, 372 (3d Cir.1981). Thus, if ambiguous, the phrase could be given a strict interpretation under Forum's policy and a liberal interpretation under the Liberty Mutual policy. Because I conclude that the phrase is unambiguous, I shall interpret the phrase with its plain and ordinary meaning.

9. In the complaint, Forum does not seek a declaration that Liberty Mutual has a duty to defend; however, it does request "such other and further relief that this Court deems proper and just." Moreover, Allied Security brought a cross-claim against Liberty Mutual asserting that Liberty Mutual had a duty to defend if Forum does not have a duty to defend. Plaintiff now requests a specific declaration that Liberty Mutual has a duty to defend. Liberty Mutual is a party, its employee was deposed on the subject of the meaning of its "Workmen's Compensation and Employer Liability" policy, and it has filed a cross-motion for summary judgment. Since Forum has defended Allied Security under a reservation of rights it is appropriate to decide whether Liberty Mutual has a duty to defend and indemnify. *E.g., Francois v. Francois,* 599 F.2d 1286 (3d Cir.1979), *cert. denied,* 444 U.S. 1021, 100 S.Ct. 679, 62 L.Ed.2d 653 (1980).

120, 122 (1965). If "arising out of and in the course of employment", in the Forum policy was intended to replicate the statutory definition of "arising in the course of employment", including the exception for third-party attacks for personal reasons, exclusions two and three of the Forum policy would be superfluous and exclusion three would never be operative.[10] In this regard, I join the analysis of my colleague Judge Norma L. Shapiro in *Twin City Fire Insurance Co. v. Home Indemnity Co.*, 650 F.Supp. 785, 790–91 (E.D.Pa.1986). Since the Act provides the exclusive remedy for any claims "arising in the course of employment" every claim covered by defendants' interpretation of exclusion three would be subsumed within exclusion two.[11] Moreover, the Liberty Mutual policy excludes from coverage B any liability under a workers' compensation law; thus, it is not reasonable to interpret both coverages A and B of that policy to apply only to statutory claims.

As noted earlier, the administrator has brought claims for injuries resulting from an assault by a co-worker for personal reasons. Such claims do not come within the boundaries of the Workmen's Compensation Act and since exclusion two of the policy is no broader than is the Act, coverage for the administrator's claims is not precluded by exclusion two. The remaining question is whether exclusion three applies to the administrator's claims. The administrator alleges that Trahey's death resulted from the fact that he was employed by Allied Security and that Allied was negligent in its hiring, supervising, and providing of a safe work place. These allegations are necessary to link Allied to Trahey's death and amount to alleging at least a "but for" relationship between his

death and negligence by Allied. *See, e.g. Labonte v. National Gypsum Co.*, 110 N.H. 314, 269 A.2d 634 (1970) (allegation that attack was foreseeable to employer who had a duty to take all reasonable precautions which it failed to do, established that injury arose out of and in the course of his employment). In *McCabe v. Old Republic Insurance Co.*, 425 Pa. 221, 228 A.2d 901 (1967), the Pennsylvania Supreme Court interpreted a clause which, as with exclusion three of Forum's policy, excluded claims for injuries "arising out of and in the course of his employment" to be clear, definite, and to describe a "but for" relationship between employment and injury. The administrator's having alleged a factual situation covered by exclusion three, Forum's policy is not applicable and Forum is not obligated to provide a defense or indemnify Allied in the action, *Trahey v. Allied Security*. By the same token, the administrator's allegations bring his case within the insuring provisions of Liberty Mutual's policy and it is therefore obligated to Allied. Moreover, while not before the court, it would appear that Liberty Mutual also is obliged to indemnify Allied to the extent of its policy limit based upon the jury's answers to the special interrogatories.

## ORDER

AND NOW, this 30th day of June, 1988, upon consideration of the parties' motions for summary judgment, it is hereby ordered as follows:

1. Forum Insurance Company has no obligation to provide a defense or coverage to Allied Security, Inc. or any other defendant in this action, under policy number SG 8000018 for claims brought in the Court of

---

**10.** The Pennsylvania Act covers only injuries "arising in the course of employment" while exclusion three covers only injuries that "arise out of and in the course of employment." Thus, if these phrases have the same meaning an injury covered by exclusion two would necessarily be covered by exclusion three and vice-versa.

**11.** For this reason, Judge Shapiro distinguished *Federal Rice Drug Co. v. Queen Insurance Co.*, 463 F.2d 626 (3d Cir.1972), where the Third Circuit interpreted nearly identical provisions to

cover the same claims, those covered by the Act. This decision, however, was premised on an earlier version of the Act pursuant to which an employee could *elect* to bring a claim under the Act or proceed with a common-law claim. In this situation, each exclusion would have independent significance. In 1974, the Act was amended to make its remedies exclusive thus limiting the precedential authority of *Federal Rice.*

Common Pleas for Philadelphia County in *Trahey v. Allied Security, Inc.*, No. 5086 (October term 1983).

2. Liberty Mutual is liable for the reasonable costs and expenses that have been or will be incurred in connection with the defense of the *Trahey* action.

3. Defendant Allied Security's counterclaim is denied.

4. Judgment is entered accordingly.