NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 10-2833 & 10-2887
_____

COLONY INSURANCE COMPANY

v.

MID-ATLANTIC YOUTH SERVICES CORPORATION;
ROBERT J. POWELL


Mid-Atlantic Youth Services Corporation,
Appellant at No. 10-2833

Robert J. Powell,
Appellant at No. 10-2887

(D.C. Civil Action No. 09-cv-1773)
_____

Nos. 10-4198 & 10-4780
_____

GENERAL STAR INDEMNITY COMPANY, INC.

v.

MID-ATLANTIC YOUTH SERVICES CORP.;
GREGORY ZAPPALA; ROBERT J. POWELL

Mid-Atlantic Youth Services Corp.;
Gregory Zappala,
Appellants at No. 10-4198

Robert J. Powell,
Appellant at No. 10-4780

(D.C. Civil Action No. 10-cv-0511)
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(Honorable A. Richard Caputo)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 10, 2012

Before:  SCIRICA, RENDELL and SMITH, *Circuit Judges*.

(Filed:  June 21, 2012)
_____

OPINION OF THE COURT
_____

SCIRICA, *Circuit Judge*.

In this declaratory judgment action, Robert Powell and Mid-Atlantic Youth

Services Corporation ("MAYS") appeal from judgments in favor of the plaintiffs, Colony

Insurance Company and General Star Indemnity Company, the issuers of general liability

insurance policies to Powell and MAYS.  The District Court declared Colony Insurance

and General Star Indemnity did not have a duty to defend or indemnify appellants in the

underlying lawsuit brought by the juvenile victims of the kickback scheme.  For the

following reasons, we will affirm.

I

The underlying complaints stem from the same judicial kickback scheme

described in the related case, *Travelers Property & Casualty Co. v. Mericle*, No. 10-

3887.  Robert Powell is the owner of MAYS, which managed several juvenile detention

facilities in Pennsylvania. The complaints allege that Powell paid approximately $2.6 million to Mark Ciavarella and Michael Conahan, two judges of the Luzerne County Court of Common Pleas, in exchange for committing adjudicated juveniles to detention facilities owned and operated by MAYS. The juvenile victims filed suit against Powell and MAYS for their role in the illegal scheme.

The present dispute is about insurance coverage. Powell and MAYS have general liability policies with both Colony Insurance Company and General Star Indemnity Company. Both policies provide for "Bodily Injury and Property Damage Liability" in Coverage A and "Personal and Advertising Injury Liability" in Coverage B. Coverage A is only triggered if the injury is caused by an "occurrence," defined in the policy as an "accident, including continuous or repeated exposure to substantially the same general harmful conditions." Both policies exclude coverage under Coverage A for an injury "expected or intended from the standpoint of the insured." Coverage B covers any "injury, including consequential 'bodily injury', arising out of one or more of the following offenses: (a) [f]alse arrest, detention, or imprisonment." The policies exclude coverage under Coverage B for "knowing violation[s] of rights of another." The Colony Insurance policy includes an exclusion under Coverage B for "Criminal Acts," defined as an injury "arising out of a criminal act committed by or at the direction of the insured." The General Star Indemnity policy contains a general policy exclusion for "Criminal Acts" defined as "[a]ny criminal, malicious, dishonest, or fraudulent 'act, error or omission' committed by or at the direction of the Insured."

3

Powell and MAYS tendered the complaints to Colony Insurance and General Star Indemnity for defense. Both insurers filed declaratory judgment actions in the district court contending they neither owed a duty to defend nor to indemnify Powell and MAYS. The parties filed motions for judgment on the pleadings. The District Court granted the insurers' motions for summary judgment. Powell and MAYS timely appealed.[1]

II

An insurer's obligation to provide a defense for claims asserted against its insured is contractual, and the language of the policy will determine whether an insurer has a duty to defend. Under Pennsylvania law, the duty to defend is determined solely by the allegations contained within the four corners of the complaint. *Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.*, 908 A.2d 888, 896-97 (Pa. 2006). If there is one claim that falls within the policy, the insurer must defend the entire action. *D'Auria v. Zurich Ins. Co.*, 507 A.2d 857, 859 (Pa. Super. Ct. 1986). But it is the facts alleged in the underlying complaint, not the cause of action pled, that will determine if there is coverage. *Donegal Mut. Ins. Co. v. Baumhammers*, 893 A.2d 797, 811 (Pa. Super. Ct. 2006) *aff'd in part and rev'd in part on other grounds*, 938 A.2d 286 (2007). The court should not inquire into or resolve factual disputes to determine whether an insurer's duty to defend has been triggered; all evidence is limited to the "language of the complaint against the insured." *Kvaerner Metals*, 908 A.2d at 896.

III

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1332(a). We have jurisdiction under 28 U.S.C. § 1291. Pennsylvania law governs this diversity case. *Berrier v. Simplicity Mfg., Inc.*, 563 F.3d 38, 46 (3d Cir. 2009).

4

Powell and MAYS both contend the District Court erred in three aspects: (1) finding the underlying complaints allege only intentional acts and not negligence; (2) finding that there was no "occurrence" under the policy so as to trigger coverage under Coverage A; and (3) holding that the knowing violation exclusion applied to deny coverage. MAYS contends the exclusion was inapplicable because it was an innocent co-insured as Powell was not an agent acting in control of MAYS. Powell argues that the exclusion was inapplicable because there was no allegation that he intended the specific injuries suffered by the juvenile victims. Finally, Powell argues the court erred in holding that the penal statute exclusion applied to deny coverage under Coverage B. None of appellants' contentions have merit.[2]

*1. The underlying complaints do not contain allegations of negligence.*

Powell and MAYS contend the District Court erred in finding Colony Insurance and General Star Indemnity had no duty to defend against the underlying lawsuit because the complaints included allegations of negligence, triggering coverage under the policies. Appellants' attempt to recast the allegations in the underlying complaints as claims alleging negligence is unavailing. Although they point to language in the complaints at ¶ 109 that defendants "unlawfully, and/or recklessly, willfully, wantonly and/or in a manner that shocks the conscience and/or with deliberate and/or reckless indifference…" to demonstrate allegations of negligence, we look at the factual allegations and not the particular cause of action that is pled in determining whether coverage is triggered. *See*

---

[2] Powell did not file a brief in *General Star v. Mid-Atlantic Youth Services Corp.*, No. 10-4780 and therefore the appeal is subject to dismissal for lack of prosecution under Fed. R. App. Proc. 31(c) and 3rd Cir. LAR 107.2 (2010).

*Mut. Benefits Ins. Co. v. Haver*, 725 A.2d 743, 745 (Pa. 1999). The factual allegations in the complaints recite that appellants "knowingly and willfully entered into a conspiracy…" (¶ 733), "knowingly and willfully entered into an agreement…" (¶ 745), participated in the racketeering acts by "devising … to defraud by means of wire communication … in violation of 18 U.S.C. §1343" (¶ 756), and "intentionally conspired and agreed to acquire or maintain interests in and control of the enterprise…" (¶ 772). We agree with the District Court that the allegations include only claims of intentional conduct, not negligence.

  2. *There was no "occurrence" to trigger the policy under Coverage A.*

  Under both policies, the insurers' duty to defend is only triggered under Coverage A if there was an "occurrence." An "occurrence" is defined in the policies as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." The Pennsylvania Supreme Court has emphasized that the fortuity of the events in question is the key factor in determining whether there has been an accident. *Brenneman v. St. Paul Fire & Marine Ins. Co.*, 192 A.2d 745, 747 (Pa. 1963); *see also State Farm Fire & Cas. Co. v. Estate of Mehlman*, 589 F.3d 105, 111 (3d Cir. 2009). An accident is an unanticipated event, and therefore an injury is "not 'accidental' if the injury was the natural and expected result of the insured's actions." *Donegal Mut. Ins. Co.*, 938 A.2d at 292. We must determine whether, from the perspective of the insured, the claims present the degree of fortuity contemplated by the definition of "accident." The burden is on the insured to prove that the claim is covered under the policy. *Miller v. Boston Ins. Co.*, 218 A.2d 275, 277 (Pa. 1966).

6

Appellants contend the District Court erred by concluding there was no "occurrence" because "occurrence" turns on intent and there is no allegation that the insured intended to cause bodily injury. The District Court held:

> Both the MIC and MCAC allege intentional conspiratorial activity on the part of the underlying defendants, including MAYS and Powell. The underlying complaints allege that MAYS and Powell were malicious, reckless, and/or wanton, but do not allege in any way that MAYS and Powell were negligent. Reckless, malicious, or purposeful conspiratorial activities are not "negligent" and cannot be considered "accidents" under the plain language of an occurrence-based insurance policy…

Because the allegations were not the result of an "occurrence," the court held Colony Insurance and General Star Indemnity did not have a duty to defend. We agree.

An act is accidental if premised on the negligent acts of the insured. *Nationwide Mut. Fire Ins. Co. v. Pipher*, 140 F.3d 222, 225 (3d Cir. 1998). As discussed, the complaints do not contain allegations that Powell and MAYS committed negligent acts, only intentional acts. From the perspective of the insured, the acts cannot be seen as accidental because they were deliberate efforts to initiate and perpetuate the conspiracy. Accordingly, there was no "occurrence" that triggered Colony Insurance or General Star Indemnity's duty to defend. [3]

*3. The Knowing Violation of Rights Exclusion is applicable.*

Powell and MAYS's policies excluded coverage under Coverage B for any "Knowing Violation of Rights of Another" if the injury was "caused by or at the direction of the insured with the knowledge that the act would violate the rights of another." The

---

[3] Because we find there was not an "occurrence" as defined in the policy, Colony Insurance's obligations to Powell under Coverage D for Professional Liability coverage are not triggered.

7

exclusion applies to an "injury and damage of the same general type which the insured intended to cause." *United Servs. Auto. Ass'n v. Elitzky*, 517 A.2d 982, 989 (Pa. Super. Ct. 1986). An injury is intended if the insured "desired to cause the consequences of his act or if he acted knowing that such consequences were substantially certain to result." *Id.* When "an insurer relies on a policy exclusion as the basis for its denial of coverage and refusal to defend, the insurer has asserted an affirmative defense and, accordingly, bears the burden of proving such defense." *Mistick, Inc. v. Nw. Nat'l Cas. Co.*, 806 A.2d 39, 42 (Pa. Super. Ct. 2002) (internal quotation marks and citation omitted). "Thus, unless the insurer establishes that the allegations of the insured's complaint fall within the stated scope of the exclusion, the court must deny its demurrer and require the insurer to tender a defense under the policy." *Id.*

Powell contends there are no factual allegations that he directed any act with the knowledge that it would violate the juvenile victims' rights. But the complaints allege Powell participated in the conspiracy knowing that the juvenile victims' detention had been procured by violating their constitutional rights in order to ensure the detention facilities operated at or near capacity to ensure maximum profit.[4] Therefore, the complaints contend factual averments that Powell "desired to cause the consequences of his act." *Elitzky*, 517 A.2d at 989. Because the exclusion is applicable, Colony Insurance and General Star Indemnity do not owe Powell a duty to defend.

---

[4] "These gross violations of the youth plaintiffs' constitutional rights were part and parcel of the defendants' scheme to ensure that youth were adjudicated delinquent and placed in detention, in furtherance of their scheme to line their own pockets through financial payments or kickbacks from other defendants named herein." (¶ 686).

MAYS argues that the knowing violation exclusion does not apply because the complaints fail to allege that Powell was acting as MAYS's agent. But the complaints allege that Powell was an "owner[], officer[], shareholder[] and operator[]" of MAYS. Moreover, as Powell was not a named insured in the Colony Insurance and General Star policies, he would only be covered if MAYS designated him as an "'executive officer[]' and director[]" of the corporation. Given that MAYS tendered the complaints to Colony Insurance and General Star for defense of both itself and Powell, it contradicts its own assertion that Powell was not a controlling agent. Furthermore, the complaints allege MAYS had a financial interest in perpetuating the scheme in order to keep the facility at or near capacity. Because Colony Insurance and General Star Indemnity's duty to defend must be evaluated according to the underlying complaints, MAYS's argument that Powell was not a controlling agent is irrelevant; the complaints allege MAYS had its own motive to commit the acts that caused the juvenile victims' injuries. For these reasons, the policy exclusion is applicable and the insurers do not have a duty to defend.

    *4. The Penal Statute Exclusion applies to exclude coverage under Coverage B.*

Under Coverage B, the Colony Insurance policy provided Powell with coverage for damages resulting from "personal injury," defined to include false imprisonment. The policy included an exclusion for "personal injury" "arising out of the willful violation of a penal statute or ordinance committed by or with the consent of the insured." Powell argues the exclusion is not applicable because he pled guilty to two violations of the penal code for misprision of a felony and accessory after the fact that did not "aris[e] out of" the allegations in the complaints. Powell contends the juvenile victims' injuries were

9

too remotely related from his actions to trigger the exclusion. Because the language "arise out of" is ambiguous, Powell contends it must be construed against the insured to mean proximate cause and Colony Insurance has not met its burden to establish coverage was precluded.

Pennsylvania law states that "'arising out of' means causally connected with, not proximately cause by." *Roman Mosaic & Tile v. Aetna Cas. & Sur. Co.*, 704 A.2d 665, 669 (Pa. Super. Ct. 1997) (internal quotation marks and citation omitted). The phrase 'arising out of' has "been equated with 'but for' causation." *Id.*; *see also McCabe v. Old Republic Ins. Co.*, 228 A.2d 901, 903 (Pa. 1967) (holding the phrase "arising out of," used in policy exclusion, was not ambiguous and indicated "but for" or "cause and result" relationship). We agree with the District Court that "arising out of" means "causally connected." Therefore, the penal statute exclusion is applicable if the complaints allege a causal link between Powell's actions and the victims' injuries.

Although Powell points to his guilty plea to argue there is no connection, we evaluate the allegations in the complaints to determine whether there is a causal connection between his actions and the juveniles' injuries. The complaints allege conduct that is criminal – instances of wire fraud, conspiracy, and other criminal acts – that perpetuated a scheme to deprive the victims of their constitutional rights. Because the factual allegations in the complaints allege a causal link between his involvement in numerous criminal acts and the injuries to the juveniles, the District Court was correct to find the exclusion applicable. Because the exclusion is applicable, Colony Insurance does not owe Powell a duty to defend.

10

Finally, because the duty to defend is broader than the duty to indemnify, there is no duty to indemnify if there is no duty to defend. *Haver*, 725 A.2d at 746 n.1. Because we have concluded that the insurers do not have a duty to defend, we agree with the District Court that they also do not have a duty to indemnify.

IV

For the foregoing reasons, we will affirm each of the judgments of the District Court.