**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 18-2290 & 18-3436
_____

NAUTILUS INSURANCE COMPANY

v.

MOTEL MANAGEMENT SERVICES, INC.,
d/b/a Neshaminy Inn; E. B.


MOTEL MANAGEMENT SERVICES, INC.,
Appellant
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-17-cv-04491)
District Judge: Hon. Timothy J. Savage
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 24, 2019
_____

Before: McKEE, SHWARTZ, and FUENTES, <u>Circuit Judges</u>.

(Filed: July 22, 2019)
_____

OPINION[*]
_____

SHWARTZ, Circuit Judge.

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

At issue in this appeal is whether Nautilus Insurance Company has a duty to defend and indemnify Motel Management Services ("MMS") in a lawsuit minor E.B. brought in state court against MMS alleging that MMS failed to intervene or report that traffickers enticed E.B. to engage in commercial sex acts at MMS's motel. Because the Court properly determined that the assault and battery exclusion in MMS's insurance policy applies, and therefore Nautilus does not have a duty to defend MMS in E.B.'s suit, we will affirm the orders granting Nautilus's motion for judgment on the pleadings and denying MMS's motion for relief from that judgment.

I

E.B., a minor female, sued MMS and other motel operators in Pennsylvania state court ("the underlying action"), alleging that (1) she "was recruited, enticed, solicited, harbored and/or transported to engage in commercial sex acts" in violation of Pennsylvania's Human Trafficking Law, 18 Pa. Cons. Stat. § 3011, including at a motel owned and operated by MMS, App. 31 ¶ 27;[1] (2) she was "held at gun point and threatened to engage in sexual acts with multiple traffickers," App. 33 ¶ 37, "visibly treated in an aggressive manner" by those engaging in commercial sex acts with her, App. 33 ¶ 41, and suffered physical harm; (3) MMS facilitated her exploitation by knowingly renting rooms at its motel to the traffickers; (4) MMS failed to intervene or to report the traffickers' illegal conduct; and (5) MMS financially profited from E.B.'s

[1] Appendix citations are to the appendix filed in docket number 18-2290.

exploitation. E.B. sought compensatory and punitive damages for negligence per se,[2] negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress.

Nautilus brought this declaratory judgment action asserting that an exclusion in MMS's insurance policy with Nautilus for claims arising out of an assault or battery, including a failure to prevent or suppress an assault or battery, exempted it from the duties to defend and indemnify MMS in E.B.'s suit.

The District Court granted Nautilus's motion for judgment on the pleadings, declaring that Nautilus had no duty to defend and indemnify MMS because E.B.'s claims in the underlying action arose from facts alleging negligent failure to prevent an assault or battery and therefore were not covered by the insurance policy. Nautilus Ins. Co. v. Motel Mgmt. Servs., Inc., 320 F. Supp. 3d 636 (E.D. Pa. 2018). MMS thereafter filed a Rule 60(b) motion contending that E.B.'s deposition testimony in the underlying action conflicted with the allegations in the Complaint. The Court denied the motion. MMS appeals both orders.

---

[2] This claim alleges that MMS's conduct violated Pennsylvania's Human Trafficking Law.

## II[3]

When interpreting an insurance contract under Pennsylvania law, which all parties agree governs this dispute, we must ascertain and give effect to the parties' intent as manifested in the terms of the policy. Donegal Mut. Ins. Co. v. Baumhammers, 938 A.2d 286, 290 (Pa. 2007). Where the language is clear and unambiguous, we must follow it. Minn. Fire & Cas. Co. v. Greenfield, 855 A.2d 854, 861 (Pa. 2004). However, where the contract language is ambiguous, we construe that provision in favor of the insured. Id.

An insurer has a duty to defend the insured in any suit in which the complaint alleges potentially covered injuries. Baumhammers, 938 A.2d at 290-91. If an insurer relies on a policy exclusion as an affirmative defense to deny coverage, it bears the burden of proving that the exclusion applies. Madison Constr. Co. v. Harleysville Mut. Ins. Co., 735 A.2d 100, 106 (Pa. 1999). In determining whether Nautilus has a duty to defend MMS, "we may not look . . . beyond the four corners of [E.B.'s] complaint and

---

[3] The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. "We review a denial of a motion for judgment on the pleadings de novo." Zimmerman v. Corbett, 873 F.3d 414, 417 (3d Cir. 2017). In considering a motion for judgment on the pleadings, we must accept as true all facts presented in the complaint and answer, and draw all reasonable inferences in favor of the non-moving party—here, MMS. See Bedoya v. Am. Eagle Express Inc., 914 F.3d 812, 816 n.2 (3d Cir. 2019). "Judgment will not be granted unless the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law." Id. (internal quotation marks and citations omitted). While MMS implores us to look beyond the pleadings, we may not.

"We review the denial of Rule 60(b) relief for an abuse of discretion." Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 269 (3d Cir. 2002). Under Rule 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" in light of "newly discovered evidence that, with reasonable diligence, could not have been discovered" before the judgment was entered. Fed. R. Civ. P. 60(b)(2).

4

how it matches up with the actual terms of the . . . Policy." Lupu v. Loan City, LLC, 903 F.3d 382, 392 (3d Cir. 2018) (citing Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co., 908 A.2d 888, 896 (Pa. 2006)). Pennsylvania law does not recognize any exceptions to this "four corners" rule, even if the insurer knows or should know that the allegations in the complaint are untrue. Id. at 390-92.

Here, Nautilus asserts that its policy excludes from coverage claims "arising out of" an assault or battery. The exclusion provides that Nautilus "will have no duty to defend or indemnify any insured in any action or proceeding alleging damages arising out of any assault or battery," regardless of culpability, intent, or relationship of the perpetrator of the assault or battery to the insured, or whether the damages occurred at premises owned or operated by the insured. App. 111. The assault and battery exclusion specifically omits from the policy's coverage "[a]ll causes of action arising out of any assault or battery" or "any act, error, or omission relating to such an assault or battery." App. 111.

The term "arising out of" is interpreted in terms of "but for" causation. See Madison Constr., 735 A.2d at 109-10 (citing McCabe v. Old Republic Ins. Co., 228 A.2d 901, 903 (Pa. 1967)). Therefore, if an assault or battery was a "but for" cause of the plaintiff's injuries, the assault and battery exclusion will apply to allegations that the insured's negligence contributed to the injuries. See Acceptance Ins. Co. v. Seybert, 757 A.2d 380, 383 (Pa. Super. Ct. 2000) (finding no duty to defend where insured bar's negligence in serving alcohol to visibly intoxicated men who subsequently attacked plaintiff in underlying action was merely a contributing factor and not a direct cause of

5

plaintiff's injuries). The insurer only owes a duty to defend if the complaint alleges the insured's negligence directly led to the injuries. See QBE Ins. Corp. v. M & S Landis Corp., 915 A.2d 1222, 1229 (Pa. Super. Ct. 2007) (finding duty to defend nightclub that negligently trained staff who restrained a patron because the negligence of the nightclub and its staff directly caused plaintiff's injuries).

All alleged injuries in this complaint are the result of exploitation and assault by traffickers and customers with whom E.B. engaged in commercial sex acts.[4] Accordingly, the assault and battery were the "but for" causes of the injuries E.B. claims. E.B. nowhere alleges that MMS's negligence directly caused her injuries or caused an independent harm. Rather, she alleges that MMS failed to intervene or report the traffickers' activities and MMS they financially benefitted from her abuse. The assault and battery exclusion, however, encompasses claims arising both from an assault or

_____

[4] MMS argues that the assault and battery exclusion should not apply because involuntary servitude under Pennsylvania's Human Trafficking Law does not "necessarily include[] assault." Appellant's Br. at 15. However, our focus is on the four corners of E.B.'s complaint, in which she alleges that she suffered injury including physical harm and mental anguish as a victim of human trafficking, including by being "visibly treated in an aggressive manner" and "held at gun point" and forced to engage in commercial sex acts. App. 33. These allegations reflect assaults and batteries, and it is irrelevant for the purposes of deciding insurance coverage whether they also satisfy the elements of Pennsylvania's Human Trafficking Law. See Mut. Ben. Ins. Co. v. Haver, 725 A.2d 743, 745 (Pa. 1999) ("[T]he particular cause of action that a complainant pleads is not determinative of whether coverage has been triggered. Instead it is necessary to look at the factual allegations contained in the complaint.").

battery and from a failure to prevent or suppress an assault or battery. This language unambiguously bars coverage for E.B.'s claims.[5]

Accordingly, the District Court did not err by holding that Nautilus has no duty to defend or indemnify MMS.[6]

III

For the foregoing reasons, we will affirm the District Court's orders.

---

[5] Because the insurance policy excludes coverage, we need not address whether public policy would also preclude insurance coverage for the criminal conduct and intentional torts alleged in E.B.'s complaint.

[6] Because Pennsylvania adheres to a strict "four corners" rule, Lupu, 903 F.3d at 390-92 (citing Kvaerner, 908 A.2d at 896), the District Court did not abuse its discretion by denying MMS's Rule 60(b)(2) motion and declining to consider E.B.'s deposition in the underlying action to determine whether Nautilus is obligated to defend MMS.