J-A19037-24

2024 PA Super 270

| | | |
|---|---|---|
| WILLIAM P. WERNER AND DONNA WERNER, H/W | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1725 MDA 2023 |
| 1281 KING ASSOCIATES, LLC & | : | |
| MARTIN'S FAMOUS PASTRY SHOPPE, | : | |
| INC. | : | |

Appeal from the Order Entered June 7, 2022
In the Court of Common Pleas of Franklin County Civil Division at No(s):
2021-3720

BEFORE:   PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:          **FILED: NOVEMBER 13, 2024**

Appellants William P. Werner and Donna Werner, husband and wife, (hereinafter "the Werners") appeal the order of the Court of Common Pleas of Franklin County sustaining the preliminary objection of Appellees 1281 King Associates, LLC ("1281 King") and Martin's Famous Pastry Shoppe, Inc. ("Martin's") (collectively "Appellees").  The Werners claim that the trial court erred in determining that Mr. Werner had released Appellees from liability in this tort litigation in an agreement that had terminated the parties' business relationship.  After careful review, we affirm.

On February 19, 2020, the Werners filed this negligence action in Philadelphia County against Appellees seeking damages for serious injuries Mr. Werner sustained on February 5, 2019 at a property owned and operated

_____

[*] Former Justice specially assigned to the Superior Court.

by Martin's and/or 1281 King that is located at 1281 King Road in West Chester, Chester County. Complaint ¶¶6, 10.

Mr. Werner alleged that he was lawfully on the premises in question as a "business invitee" and was utilizing one of Appellees' portable ramps "provided for delivery drivers" when a "jagged and deteriorated edge of the ramp caught the pant leg of [Mr. Werner], causing him to fall." *Id.* ¶¶8-10. Mr. Werner reported numerous severe injuries which included, but was not limited to, a right hip fracture requiring surgery. *Id.* ¶13. Mr. Werner also asserted that, as a result of the accident, he suffered lost wages and an impairment of his earning capacity. *Id.* ¶ 15. Based on these allegations, the Werners claimed that Appellees had been reckless and negligent in breaching their duty to properly maintain, care, and control the premises in question. In addition, the Werners included a loss of consortium claim in favor of Mrs. Werner in the complaint. *Id.* ¶¶17-20.

On May 8, 2020, Appellees filed preliminary objections in which they raised multiple issues, including a claim that venue should be transferred from Philadelphia County to Franklin County as well as the contention that Mr. Werner had signed a release of liability for the claims raised in this lawsuit.

By way of background, Appellees asserted in their preliminary objections that previously, in 2014, Mr. Werner, as principal of Werner Bread Man, LLC, had entered into an Independent Distributor Agreement ("Distributor Agreement") with Martin's, in which the parties designated Mr. Werner as the

exclusive independent distributor for Martin's products in a defined geographical territory. Original Preliminary Objections ¶11, Ex. B.

Appellees also asserted that after the accident in this case had occurred, on July 20, 2019, the parties entered into a Termination, Release, Consent, and Arbitration Agreement ("Termination Agreement") in which Martin's agreed to allow Mr. Werner to assign his distribution rights to another party in exchange for the termination of the parties' Distributor Agreement. *Id.* ¶13, Ex. C. ¶¶2-4. The Termination Agreement defines the term "Distributor Parties" as follows:

> "Distributor Parties" mean Distributor, its affiliates and subcontractors, and their respective directors, officers, employees, subcontractors, agents, and representatives and Distributor Owner(s) and their respective heirs, executors, administrators, persona representatives, successors and assigns."

*Id.* Ex. C. ¶1. Mr. Werner executed the Termination Agreement in two capacities: (1) as President of Werner Bread Man, LLC, and (2) as the Distributor Owner. *Id.* Ex. C., signature page.

The Termination Agreement also contains the following release clause in which Mr. Werner released Martin's and its affiliates from liability related to the Distributor Agreement or the work performed under that agreement:

> 4. <u>Release</u>. In consideration for the representations, warranties, covenants, and agreements of Martin's set forth in this Agreement, the Distributor Parties hereby release, remise, and forever discharge the Martin's Parties to the extent permitted by applicable law from any and all actions, causes of action, claims, counterclaims, crossclaims, demands, rights, suits, debts, contracts, agreements, demands for contribution, demands for indemnity, damages, costs, loss of services, expenses,

commissions, and compensation of any nature whatsoever, whether known or unknown, fixed or contingent and whether at law or in equity, that any Distributor Party has or could have asserted against Martin's Parties at any time on or before the date of this Agreement **in any way arising out of, relating to, or having any connection with the Distributor Agreement. …**

***Id.***, Ex. C. ¶4 (emphasis added).

On July 24, 2020, the Court of Common Pleas of Philadelphia County sustained Appellees' preliminary objection based on improper venue and transferred the case to Franklin County. After the Werners filed a timely appeal, on July 16, 2021, this Court affirmed the order transferring venue and remanded for further proceedings. ***Werner v. 1281 King Assocs., LLC***, 1549 EDA 2020 (Pa.Super. July 16, 2021) (unpublished memorandum).

On December 23, 2021, Appellees filed a second set of preliminary objections in the Franklin County Court of Common Pleas in which they sought, *inter alia*, to dismiss this action on the basis of the release clause in the parties' Termination Agreement. The trial court permitted the parties to submit briefs and heard oral argument on the preliminary objections.

On June 7, 2022, the trial court entered an order and opinion, sustaining Appellees' preliminary objections in part, finding the release clause in the Termination Agreement "was clear and unambiguous … [and] release[d] Appellees] from all claims arising from the Distributor Agreement." Trial Court Opinion (T.C.O.), 6/7/22, at 7. However, the trial court noted that it was overruling Appellees' preliminary objections against Mrs. Werner's loss of consortium claim as it found that "Pennsylvania case law diverts on whether

[a] loss of consortium claim hinges on the underlying claim of the spouse." Order, 6/7/24, at 1.

On June 15, 2022, the Werners filed a motion for reconsideration. On June 23, 2022, the Werners submitted an Application for a Determination of Finality of the trial court's June 7, 2022 order pursuant to Pa.R.A.P. 341. On July 26, 2022, the trial court denied both the motion for reconsideration and the Application for a Determination of Finality.

Over a year later, on November 2, 2023, the parties stipulated to the discontinuance of the claims against Appellee 1281 King Associates, LLC. On November 15, 2023, the Werners filed a "Praecipe to Dismiss the Claims of [Mrs.] Werner against Martin's Famous Pastry Shoppe, Inc., Without Prejudice." The Werners filed a timely notice of appeal and complied with the trial court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Before we reach the merits of this case, we must address whether this appeal is properly before this Court.

> As a general rule, "an appellate court's jurisdiction extends only to review of final orders." **Shearer v. Hafer**, 644 Pa. 571, 177 A.3d 850, 855 (2018); **see also** Pa.R.A.P. 341(a) ("[A]n appeal may be taken as of right from any final order of a ... trial court."). A final order is an order that "disposes of all claims and of all parties" or "is entered as a final order" pursuant to a determination of finality by a trial court or other government unit. Pa.R.A.P. 341(b)(1), (3). As we have previously stated, "[t]he final order rule reflects the long-held limitation on review by both federal and state appellate courts[,]" and "[c]onsidering issues only after a final order maintains distinctions between trial and appellate review, respects the traditional role of the trial judge,

- 5 -

and promotes formality, completeness, and efficiency." **Shearer**, 177 A.3d at 855.

**MFW Wine Co., LLC v. Pennsylvania Liquor Control Bd.,** 318 A.3d 100, 112 (Pa. 2024) (quoting **J.C.D. v. A.L.R.**, 303 A.3d 425, 429–30 (Pa. 2023)).

Consistent with the final order rule,

[i]t is well settled that the interlocutory orders dismissing various parties piecemeal from a lawsuit may not be appealed until the case is concluded as to the final remaining party and the case is therefore resolved as to all parties and all claims. … Rather, in such a situation, each separate judgment becomes appealable when the suit is resolved against the final defendant and [an appeal] may be commenced as to all defendants by a single notice of appeal taken from the order resolving the final claim against the final defendant.

**Burkey v. CCX, Inc.,** 106 A.3d 736, 738–39 (Pa.Super. 2014) (quoting **Strausser v. PRAMCO, III**, 944 A.2d 761, 764 (Pa.Super. 2008)). We also note that "a case may be resolved against the final defendant by other than an order of court, as happens where the case against the sole remaining defendant is discontinued or settled." **Burkey**, 106 A.3d at 739. Additionally, "a docket entry to the effect that the claim [against the final defendant] was discontinued or settled may serve to render the prior judgments final and appealable." **Id.**

In this case, the filing of Mrs. Werner's November 13, 2023 praecipe to dismiss her claim against Martin's served as a final disposition as to all claims and all parties and rendered the June 7, 2022 order sustaining Appellees' preliminary objection readily appealable and ripe for appellate review. **See also Quinn v. Bupp**, 955 A.2d 1014, 1020 (Pa.Super. 2008) (noting

interlocutory orders not subject to immediate appeal may be reviewed in a subsequent timely appeal of a final order or judgment).

The Werners raise the following issues for our review:

1. Whether a trial court can dismiss [the Werners'] Complaint based on a release raised in Preliminary Objections, rather than raised as a defense in New Matter, when [the Werners] argue in their Response to Preliminary Objections that discovery is necessary.

2. Whether a trial court can dismiss [the Werners'] Complaint based on a contractual Release raised in Preliminary Objections when the contract is ambiguous and [the Werners] did not draft the Release.

3. Whether an individual's personal injury claim arising from a slip and fall incident can be released in a contract that does not refer to the accident or injury?

4. Whether a Contract that releases claims arising from a contract between two businesses can also release the claims of an individual who was not a party to said contract?

Werners' Brief, at 6-7.

The Werners challenge the trial court's decision to sustain Appellees' preliminary objections based on the release contained in the parties' Termination Agreement. "Our standard of review of an order … overruling or sustaining preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court." *R.A. Greig Equip. Co. v. Mark Erie Hosp., LLC*, 305 A.3d 56, 59 (Pa.Super. 2023) (citing *Bargo v. Kuhns*, 98 A.3d 686, 689 (Pa.Super. 2014) (citation omitted)).

First, the Werners claim the trial court erred in sustaining Appellees' preliminary objections based on the release clause in the Termination Agreement, as the Werners assert that this was a procedurally inappropriate stage to consider such a claim. The Werners assert that the doctrine of release is an affirmative defense that must be plead in New Matter, not preliminary objections. Werner's Brief, at 23. The Werners cite Pennsylvania Rule of Civil Procedure 1030(a), which classify the doctrine of release as an affirmative defense that "shall be pleaded in a responsive pleading under the heading New Matter." Pa.R.C.P. 1030(a).

Appellees respond by asking this Court to find this specific issue to be waived as the Werners never raised this procedural challenge to Appellees' preliminary objections before the trial court. We acknowledge that where a defendant raises preliminary objections that are procedurally defective, "the proper challenge is [for the plaintiff] to file preliminary objections to strike the defendant's preliminary objections for failure of a pleading to conform to law or rule of court." *Devine v. Hutt*, 863 A.2d 1160, 1167 (Pa.Super. 2004) (quoting Pa.R.C.P. 1028(a)(2)).

This Court has specifically held that "[w]here a party erroneously asserts substantive defenses in preliminary objections rather than … in new matter, the failure of the opposing party to file preliminary objections to defective preliminary objections … waives the procedural defect and allows the trial court to rule on the preliminary objections." *Hvizdak v. Linn*, 190 A.3d 1213, 1228 (Pa.Super. 2018) (quoting *Preiser v. Rosenzweig*, 614 A.2d 303

(Pa.Super. 1992)). We also emphasize that it is well-settled that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).

As such, the Werners waived any argument that Appellees improperly raised the doctrine of release in their preliminary objections when the Werners failed to challenge this procedural error before the trial court by filing responsive preliminary objections. Thus, the trial court had the authority to review the release claim within Appellees' preliminary objections.

In their remaining claims, the Werners also challenge the merits of the trial court's determination that the release clause in the parties' Termination Agreement contained "clear and unambiguous" language that released Appellees from liability on Mr. Werner's personal injury claim. The Werners also contend that the release clause is unenforceable as the Termination Agreement does not refer to the accident or injury. Further, the Werners assert that the release did not relieve Appellees of liability for Mr. Werner's personal injury claims as Mr. Werner was not a party in his individual capacity to the Distributor Agreement.

As an initial matter, we note that the Werners do not allege that the release clause was procured by fraud, duress, or mutual mistake. A release not procured by fraud, duress, or mutual mistake is binding between the parties. *Front St. Dev. Assocs., L.P. v. Conestoga Bank*, 161 A.3d 302, 310 (Pa.Super. 2017) (quoting *Strickland v. Univ. of Scranton*, 700 A.2d 979, 986 (Pa.Super. 1997)).

Our courts have held that "[i]n Pennsylvania, it is well settled that the effect of a release is to be determined by the ordinary meaning of its language." ***Pennsbury Vill. Assocs., LLC v. Aaron McIntyre***, 608 Pa. 309, 322, 11 A.3d 906, 914 (2011) (quoting ***Taylor v. Solberg***, 566 Pa. 150, 778 A.2d 664, 667 (2001) (citation omitted)).

> [W]hen construing the effect and scope of a release, the court, as it does with all other contracts, must try to give effect to the intentions of the parties. ***Sparler v. Fireman's Insurance Company of Newark, New Jersey***, 360 Pa.Super. 597, 521 A.2d 433 (1987) (*en banc*); ***Hower v. Whitmak Associates***, 371 Pa.Super. 443, 538 A.2d 524 (1988). Yet, the primary source of the court's understanding of the parties' intent must be the document itself. ***Vogel v. Berkley***, 354 Pa.Super. 291, 511 A.2d 878 (1986). Thus, what a party now claims to have intended is not as important as the intent that we glean from a reading of the document itself. The parties' intent at the time of signing as embodied in the ordinary meaning of the words of the document is our primary concern. ***Steuart v. McChesney***, 498 Pa. 45, 444 A.2d 659 (1982).

***Brown v. Cooke***, 707 A.2d 231, 232–33 (Pa.Super. 1998) (quoting ***Flatley by Flatley v. Penman***, 632 A.2d 1342 (Pa.Super. 1993)). If "the language appearing in the written agreement is clear and unambiguous, the parties' intent must be discerned solely from the plain meaning of the words used." ***Sensenig v. Greenleaf***, ___A.3d___, 2024 WL 4034106 (Pa.Super. Sept. 4, 2024) (*quoting* ***Thompson v. T.J. Whipple Const. Co.***, 985 A.2d 221, 229 (Pa.Super. 2009)).

As noted above, the Termination Agreement provided that Mr. Werner released all claims against Appellees "in any way arising out of, relating to, or having any connection with the Distributor Agreement[,] … the marketing,

distribution, or sale of any of Martin's products by any Distributor Party, [or] services provided by any Distributor Party." The Werners suggest that any time the phrase "arising out of" is used in a contract, it must be deemed ambiguous as our courts recognize different concepts of causation: cause in fact (but for cause) and proximate cause.[1]

The Werners cite to *Manufacturers Cas. Ins. Co. v. Goodville Mut. Cas. Co.*, 403 Pa. 603, 170 A.2d 571, 573 (1961), in which our Supreme Court found that the phrase "arising out of" in a specific insurance policy was ambiguous, and thus, should be strictly construed against the insurer as the drafting party. As such, in that case, the Supreme Court construed the phrase "arising out of" in favor of the insured, adopting a more broad interpretation as "but for" causation, and not proximate causation.

Relying on *Goodville*, the Werners contend that the trial court in this case should have similarly found the phrase "arising out of" to be ambiguous and construed it in their favor as the non-drafting party, which would result in the more narrow application of proximate causation. The Werners argue that

---

[1] Our courts have established that:

> factual cause (also referred to as cause-in-fact) is established where it is shown that the plaintiff's injuries would not have occurred "but for" the defendant's alleged conduct. To establish proximate or legal causation, a plaintiff must adduce evidence to show that the defendant's act was a substantial factor in bringing about the plaintiff's harm.

*Constantine v. Lenox Instrument Co., Inc.*, ___A.3d___, 2024 PA Super 216 (Pa.Super. Sept. 17, 2024) (internal citations and brackets omitted).

"the proximate cause [of Mr. Werner's injuries] was not the Distributor Agreement, the marketing, sale, or distribution of Martin's products, or services provided by Werner Bread Man, LLC or its owner to Martin's." Werners' Brief, at 29. Rather, the Werners contend that the proximate cause of Mr. Werner's injuries was Appellees' negligence as set forth in their Complaint. As such, the Werners argue that the release does not apply to Mr. Werner's personal injury claim.

However, our Supreme Court rejected a similar argument in *McCabe v. Old Republic Ins. Co.*, 425 Pa. 221, 223, 228 A.2d 901, 903 (1967). In that case, an insured employer sought for its insurer to provide recovery for the fatal injuries of one of his employees, who was working in a trench that collapsed on the employee. The policy specifically excluded coverage for any liability for the injury or death of one of the insured's employees "arising out of and in the course of his employment with the insured." *Id.* The insured employer relied on *Goodville* to argue that the phrase "arising out of" was ambiguous and thus, should be construed against the insurance company as drafter to mean proximate cause. The insured employer argued that while his employee was engaged in the course of his employment at the time of his death, the proximate cause of his injuries was the absence of shoring in the trench, not his employment.

The Supreme Court acknowledged that it had previously found in *Goodville* that the phrase "arising out of" in the coverage clause of a particular insurance policy was vague and ambiguous. However, the Supreme

- 12 -

Court emphasized that the determining factor in the **Goodville** case was the context in which the phrase was employed, emphasizing that "[i]t does not follow therefrom, that every time the phrase is used in an insurance policy that an indefinite meaning must be ascribed thereto." **Id.** at 224, 228 A.2d 903. Instead, the Supreme Court in **Goodville** found the exclusionary clause was clear and definite such that the policy precluded recovery since there was an "obvious causal connection" between the employee's employment and death. **Id.**

In this case, we agree with the trial court's determination that the release clause in the Termination Clause was clear and unambiguous to interpret the phrase "arising out of" as "causally connected with" (but for causation), and not proximate causation. The release clause contains broad language in which Mr. Werner released all claims against Appellees "***in any way arising out of, relating to, or having any connection with*** the Distributor Agreement[,] … the marketing, distribution, or sale of any of Martin's products by any Distributor Party, [or] services provided by any Distributor Party." Prelim. Obj., Ex. C. ¶4 (emphasis added).

The plain language of the release clause shows the parties intended for Appellees to be released from claims with *any* causal connection to the Distributor Agreement or his role as a Distributor Party; this language does not require proximate causation. The claims in the Werners' complaint seeking damages for the alleged negligence of Appellees had a clear causal connection to his activities as a Distributor Party responsible for delivery of

- 13 -

Martin's products. Mr. Werner would not have been injured on Appellees' property *but for* his obligation to be on the property to fulfill his contractual duties under the Distributor Agreement. Thus, the release clause in the Termination Agreement relieved Appellees from liability with respect the instant action in which Mr. Werner sought to recover damages for the injuries he sustained while performing his contractual obligations under the Distributor Agreement.[2]

In addition, the Werners have provided no applicable support for their suggestion that in order to release a personal injury claim, the release clause must specifically reference the occurrence giving rise to the claim or any details about the incident or bodily injury.

We find the Supreme Court's decision in **Buttermore v. Aliquippa Hospital**, 522 Pa. 325, 561 A.2d 733 (1989) to be instructive. In that case, a plaintiff, who had been injured in an automobile accident, subsequently executed a release in settlement against the other driver which released "any and all persons, associations and/or corporations, whether known or unknown" from "past, present, and future claims … arising from damage to property, bodily injury or death resulting or to result from an accident which occurred on or about the 3rd day of December, 1981." **Id.** at 327-28, 561

---

[2] This conclusion is consistent with this Court's prior decision in this case in which we determined that the venue clause of the Termination Agreement, which contained similar language to the release clause, was clear and unambiguous. **Werner v. 1281 King Assocs., LLC**, 1549 EDA 2020, at *30-37 (Pa.Super. July 16, 2021) (unpublished memorandum).

A.2d at 734. The plaintiff then filed an action against the hospital and doctors that treated the injuries he sustained in the accident, claiming that their negligent treatment aggravated his injuries and worsened his condition.

The Supreme Court emphasized that the plain language of the release, which discharged all claims and parties, extended to also release the hospital and doctor who treated the plaintiff, even though the hospital and doctor were not specifically referenced in the release and had not contributed to the settlement. *Id.* We also note that it does not appear that the release in *Buttermore* contained any reference whatsoever to the plaintiff's treatment on the part of the defendant physician or hospital or any allegations of malpractice. This Court has reaffirmed the holding in *Buttermore*, clarifying that "[t]here is no requirement that all of the parties to be discharged from liability are specifically named within a release if the terms of the release clearly extend to other parties." *Ford Motor Co. v. Buseman*, 954 A.2d 580, 583 (Pa.Super. 2008) (citation omitted).

Consistent with the decisions in *Buttermore* and *Buseman*, we conclude that the broad language of the release clause in this case clearly extended to release Appellees from "any and all actions … arising from" the performance of Mr. Werner's business obligations under the Distributor Agreement. Likewise, we decline to impose a requirement that the release clause must specifically reference a particular claim or injury at issue to be enforceable.

Moreover, we also reject the Werners' claim that the trial court erred in determining the Termination Agreement released Mr. Werner's personal injury claim against Appellees "even though [Mr. Werner] was listed as a party because he signed in his capacity as the owner of Werner Bread Man LLC, not as an individual or an employee of Werner Bread Man, LLC." Werners' Brief, at 43.

We agree with the trial court's assessment that Mr. Werner was indeed a party to the Distributor Agreement that agreed to release claims of liability against Appellees. The very first paragraph of the Termination Agreement states the following:

> This Termination, Release, Consent, and Arbitration Agreement (this "Agreement") is made this July 20, 2019, by and among Martin's Famous Pastry Shoppe, Inc., a Pennsylvania corporation ("**Martin's**"), Werner Bread Man, LLC, a Pennsylvania limited liability company ("**Distributor**"), and William P. Werner, a natural person with a residence at [home address] ("**Distributor Owner**").

Prelimin. Obj, Ex. C.

As noted above, the release clause of the Termination Agreement stated that the "Distributor Parties" (which included "Distributor Owner") released "any and all actions … ***that any Distributor Party has or could have asserted against Martin's Parties*** at any time on or before the date of this Agreement in any way arising out of, relating to, or having any connection with the Distributor Agreement…" Prelimin. Obj, Ex. C (emphasis added). Mr. Werner executed the Termination Agreement twice: once as "Member" of

"Distributor" Werner Bread, LLC and another time as "Distributor Owner." Prelimin. Obj, Ex. C, signature page.  As such, we conclude that the trial court did not err in finding that Mr. Werner agreed to release his personal claims against Martin's as a party to the Termination Agreement.

For the foregoing reasons, we affirm the trial court's order sustaining Appellees' preliminary objections.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/13/2024