J. A14015/14

2014 PA Super 269

| | | |
|---|---|---|
| DOUGLAS BURKEY, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | No. 1570 MDA 2013 |
| | : | |
| CCX, INC., ET AL. | : | |

Appeal from the Order, August 6, 2013,
in the Court of Common Pleas of York County
Civil Division at No. 2008-SU-4852

BEFORE:  FORD ELLIOTT, P.J.E., OLSON AND STRASSBURGER,* JJ.

OPINION BY FORD ELLIOTT, P.J.E.:          **FILED DECEMBER 03, 2014**

Appellant, Douglas Burkey ("Burkey"), appeals the order granting summary judgment in favor of appellee, CCX, Inc. ("CCX"), in appellant's personal injury lawsuit.  CCX has filed a motion to quash this appeal on the basis that the notice of appeal was untimely filed.  Finding that the notice of appeal was untimely filed, we will grant the motion to quash this appeal.

We draw our procedural summary, in part, from the opinion of the trial court drafted at the time summary judgment was entered:

> This action stems from an accident that occurred on June 18, 2007.  While employed by New York Wire, Plaintiff sustained an injury to his hand from a machine, known as a warper or beamer, that produces screen material typically used in windows (herein "warper).

---

* Retired Senior Judge assigned to the Superior Court.

The warper in question was designed, manufactured and sold by West Point Foundry and Machine Company (herein "Defendant West Point") to Hanover Wire Cloth Company and Hanover Wire Cloth Co, (herein "Defendant Hanover") in 1987. Additional Defendant CCX, Inc. (herein "Additional Defendant CCX") later acquired Defendant Hanover and moved the warper from Covington, Georgia to Walterboro, South Carolina, where it remained in storage. On June 30, 2005, Additional Defendant CCX sold the warper in question, along with a variety of other machines, equipment and property, to New York Wire through an Asset Purchase and Sale Agreement. ***See*** Motion for Summary Judgment, Ex. A. The Sale Agreement between New York Wire and Additional Defendant CCX stated that all property, including the subject warper, was sold on an "as-is, where-is" basis. ***Id.*** After the June 30, 2005 Sale Agreement and prior to the June 18, 2007 accident, New York Wire moved the subject warper from South Carolina to Mount Wolf, Pennsylvania.

On January 31, 2008, Plaintiff filed a Complaint in negligence against Defendant West Point and Defendant Hanover. On March 30, 2009, Defendant Hanover sought leave of court to join Additional Defendant CCX, and the motion was granted on May 8, 2009. On June 11, 2009, Defendant Hanover filed a Joinder Complaint Against Additional Defendant CCX alleging theories of strict liability, breach of warranty and negligence. On September 3, 2009, Additional Defendant CCX filed Answer with New Matter. On August 17, 2011, the Court approved a Stipulation which withdrew, with prejudice, the strict liability and breach of warranty claims against Additional Defendant CCX.

On February 17, 2012, Additional Defendant CCX filed Motion for Summary Judgment and a brief in support thereof on February 27, 2012.

Opinion, 5/25/12 at 2-3.

- 2 -

J. A14015/14

On May 25, 2012, the trial court granted CCX's motion for summary judgment. On July 20, 2012, Burkey's action as to Hanover was dismissed with prejudice by stipulation. The text of that document reads as follows:

### STIPULATION TO DISMISS

It is hereby stipulated and agreed by all parties that Hanover Wire Cloth Company and Hanover Wire Cloth Co. are dismissed from the within action, with prejudice.

Stipulation to Dismiss, 7/20/12, Record Document No. 17. A related docket entry appears as of that date. The document was signed by the attorneys for Burkey, Hanover, and West Point. No further pleading was filed purporting to dismiss Hanover.

On July 26, 2013, a similar stipulation was entered as to West Point:

### STIPULATION TO DISMISS

The parties, by and through their counsel the undersigned, hereby stipulate and agree that Defendant West Point Foundry and Machine Company is dismissed from this action with prejudice.

Stipulation to Dismiss, 7/26/13, Record Document No. 8. A related docket entry appears as of that date. The document was signed by the attorneys for Burkey and West Point.

On August 6, 2013, a second document was entered into the record that also purported to dismiss West Point. That document reads as follows:

### ORDER TO SETTLE DISCONTINUE AND END AS TO DEFENDANT WEST POINT FOUNDRY AND MACHINE COMPANY ONLY

> TO THE PROTHONOTARY:
>
> Please mark the above-entitled action Settled, Discontinued and Ended as to Defendant West Point Foundry and Machine Company only, upon payment of your costs only.

Order to Settle Discontinue and End, 8/6/13, Record Document No. 7. A related docket entry appears as of that date. The document is signed by Burkey's counsel only.

Burkey filed his notice of appeal as to CCX on September 3, 2013. In its motion to quash, CCX contends that the notice of appeal is untimely. CCX argues that the 30-day appeal period[1] began to elapse on July 26, 2013, with the filing of the Stipulation to Dismiss, because that concluded Burkey's lawsuit as to all persons and all claims. Burkey asserts that the clock did not begin to run until the filing of the Order to Settle Discontinue and End on August 6, 2013. We agree with CCX.

It is well settled that the interlocutory orders dismissing various parties piecemeal from a lawsuit may not be appealed until the case is concluded as to the final remaining party and the case is therefore resolved as to all parties and all claims.

> This court later distinguished ***General Electric*** [***Credit Corporation v. Aetna Casualty & Surety Co.***, 437 Pa. 463, 263 A.2d 448 (1970)] in ***Baker v. Cambridge Chase, Inc.***, 725 A.2d 757 (Pa.Super.1999), ***appeal denied***, 560 Pa. 716, 745 A.2d 1216 (1999). ***Baker*** found that the general

---

[1] ***See*** Pa.R.A.P., Rule 903(a), 42 Pa.C.S.A.

> principle of **General Electric** did not apply in a situation where multiple defendants in a single action, who were all original defendants, were removed from the case in piecemeal fashion by separate preliminary objections. Rather, in such a situation, each separate judgment becomes appealable when the suit is resolved against the final defendant[Footnote 1] and may be commenced as to all defendants by a single notice of appeal taken from the order resolving the final claim against the final defendant.
>
> > [Footnote 1] An appeal may not be filed earlier because of the rule that an order is not considered final and appealable unless it disposes of all claims and all parties. Pa.R.A.P. 341(b)(1), 42 Pa.C.S.A.; **K.H. v. J.R.**, 573 Pa. 481, 826 A.2d 863 (2003).

**Strausser v. PRAMCO, III**, 944 A.2d 761, 764 (Pa.Super. 2008).

Moreover, a case may be resolved against the final defendant by other than an order of court, as happens where the case against the sole remaining defendant is discontinued or settled, and a docket entry to the effect that the claim was discontinued or settled may serve to render the prior judgments final and appealable:

> The posture of this appeal requires that we address the threshold issue of our jurisdiction to entertain the appeal. Appeal may be taken only from a final order, that is, an order that disposes of all claims and all parties. Pa.R.A.P. 341(a). A number of defendants remained of record following the trial court's grant of summary judgment for Borg-Warner, B & C, Carlisle, and McCord. This fact appears to call into question the finality of the trial court's orders granting summary judgment. However, the record reflects a July 16, 2007 trial court docket entry noting that this case was settled

> as to all remaining non-bankrupt parties, except the Manville Fund, but the case against the Manville fund was dismissed. "A trial court order declaring a case settled as to all remaining parties renders prior grants of summary judgment final for Rule 341 purposes, even if the prior orders entered disposed of fewer that all claims against all parties." **Gutteridge v. A.P. Green Services, Inc.**, 804 A.2d 643, 650 (Pa.Super.2002); **Harahan v. AC & S, Inc.**, 816 A.2d 296, 297 (Pa.Super.2003). In this case all parties are now settled, bankrupt, or dismissed by grant of summary judgment or otherwise. Consequently, the grants of summary judgment for Borg-Warner, B & C, Carlisle, and McCord are final orders for appeal purposes and the present appeal is properly within our jurisdiction. **Gutteridge**, 804 A.2d at 650; **Harahan**, 816 A.2d at 297.

**Weible v. Allied Signal, Inc.**, 963 A.2d 521, 524-525 (Pa.Super. 2008).

Instantly, the July 26, 2013 docket entry noting that the Burkey case was dismissed as to the final remaining defendant, West Point, caused the order granting summary judgment to CCX to become final on that date. Consequently, Burkey had until August 26, 2013 to file his notice of appeal but failed to do so.[2]

Burkey offers two reasons why the clock should not begin to run on this date, but rather on August 6, 2013, when Burkey filed the Order to Settle Discontinue and End; neither is convincing. First, Burkey argues that there was no court order following the filing of the Stipulation to Dismiss and that it was not finalized until the filing of the Order to Settle Discontinue and

---

[2] The actual 30th day, August 25, 2013, fell on a Sunday and is not included in the calculation of time. 1 Pa.C.S.A. § 1908.

End.[3]  As we have seen in **Weible**, there was no court order finalizing the docket entry that noted that the remaining defendants had all settled or had the case dismissed; rather, this court considered the docket entry as rendering the prior summary judgments final.  Moreover, despite the "Order" in its title, the filing indicated by Burkey is not a court order either, but merely a form of praecipe.

Second, Burkey asserts that the Stipulation to Dismiss was not a final adjudication because the prothonotary failed to give written notice to the parties of its entry pursuant to Pa.R.C.P., Rule 236, 42 Pa.C.S.A.  Rule 236 requires notice as to the entry of court orders and judgments.  The Stipulation to Dismiss constituted neither and therefore did not require notice by the prothonotary.  Further, as CCX indicates, no court order "finalizing" a discontinuance is required where all parties, as here, furnish

---

[3] Burkey does not explain why he did not file an Order to Settle Discontinue and End following the Stipulation to Dismiss as to Hanover.  Apparently, Burkey believed the Stipulation to Dismiss alone was sufficient to discontinue the case as to Hanover.

their written consent and receive notice from the filing party. **See** Pa.R.C.P., Rule 229, 42 Pa.C.S.A.[4]

Burkey cites three cases which he claims support his position. Burkey first cites **Toney v. Chester County Hospital**, 961 A.2d 192 (Pa.Super. 2008), **affirmed**, 36 A.3d 83 (Pa. 2011), for the proposition that a signed stipulation and a praecipe for discontinuance are required to effect a discontinuance. There is **dicta** in **Toney** that suggests this: "[A]lthough Toney circulated the stipulation, the remaining defendant . . . did not sign the stipulation, and no praecipe for discontinuance based upon it was filed." **Toney**, 961 A.2d at 197. The issue being resolved in **Toney** was not whether both a stipulation and a praecipe were needed to effectuate a discontinuance. Rather, the issue was whether a court order was needed where the stipulation was not signed by all remaining defendants. The court found that a court order was needed under those circumstances. Rule 229, which governs discontinuances, does not require a praecipe to discontinue,

---

[4] The following Explanatory Comment from 1991 (in pertinent part) is appended to Rule 229:

> Prior to the present amendment, Rule 229(b) required leave of court to discontinue an action as to less than all parties. However, it had been suggested it was unnecessary to involve the court in a discontinuance where there is an agreement of all parties. The amendment adopts the suggestion so that the rule now permits such a discontinuance either upon agreement of all parties or with leave of court.

but requires only the written consent of all parties (or court approval) in order to effect a discontinuance. The Stipulation to Dismiss met this requirement, manifesting the written consent of all remaining parties.

Burkey also cites *Chamberlin of Pittsburgh, Inc. v. Fort Pitt Chemical Co.*, 352 A.2d 176 (Pa.Super. 1975), arguing, "in *Chamberlin* there was not only a Stipulation of Dismissal, but a subsequent Order of Dismissal With Prejudice and only upon the entry of the Order was the applicable appellate appeal period triggered." (Answer of Appellant Douglas Burkey to Motion of Appellee CCX, Inc. to Quash and/or Dismiss Appeal and to Defer Briefing Schedule at 4.) The stipulation in *Chamberlin* was made in a federal lawsuit, and the suit was subsequently dismissed with prejudice by order of court. In discussing the *res judicata* effect on a related Pennsylvania lawsuit, this court observed:

> When appellant and appellee executed the stipulation, they established the rights as between themselves. The subsequent order of 'dismissal with prejudice' finalized their rights as would a judgment on the merits.

*Chamberlin*, 352 A.2d at 177.

This is not a ruling that Pennsylvania law requires an order of dismissal with prejudice in order to effect a discontinuance. Rule 229 clearly requires court approval only where fewer than all defendants are being dismissed and there is not written consent from all parties. The Stipulation to Dismiss here meets the requirements of Rule 229.

Finally, Burkey cites **Thierfelder v. Wolfert**, 52 A.3d 1251 (Pa. 2012), for the proposition that a stipulation only becomes appealable after the stipulation is approved by the trial court. Burkey does not pin cite the supreme court's discussion of this issue nor does he offer any analysis. **Thierfelder** is a rather long decision, and our review finds only one mention pertaining to a stipulation and court approval.

In **Thierfelder**, husband and wife plaintiffs brought a multi-count malpractice claim against a physician who was treating them for emotional problems and subsequently engaged in a sexual affair with the wife. After several of their claims were dismissed with prejudice, the plaintiffs filed a stipulation dismissing their remaining claims so that they could appeal the claims dismissed with prejudice. In describing the procedural history, the supreme court described this event as follows:

> After subsequent litigation and discovery, including consolidation with a previously separate, parallel matter, appellees stipulated to dismiss their claims for battery and intentional infliction of emotional distress, a stipulation the trial court approved. The stipulation allowed appellees to appeal the trial court's now-final dismissal of their remaining claims . . .

**Thierfelder**, 52 A.3d at 1257.

This is not a ruling that a stipulation of dismissal requires court approval. Rather, it is an observation that in **Thierfelder** the court apparently issued an order approving the stipulation. In point of fact, other than the above quotation, **Thierfelder** does not discuss whether a

stipulation of dismissal requires court approval and the matter is not at issue in the case. **Thierfelder** is completely inapposite. Again, simply stated, Rule 229 requires court approval only where fewer than all defendants are being dismissed and there is not written consent from all parties. The Stipulation to Dismiss here meets the requirements of Rule 229 and discontinued Burkey's suit against West Point.

We find that by filing the July 26, 2013 Stipulation to Dismiss, discontinuing his appeal as to the final defendant, Burkey made final the prior order granting summary judgment in favor of CCX. Consequently, the notice of appeal filed on September 3, 2013, is untimely, and we must quash this appeal.

Appeal quashed. Application for Post Submission Communication denied.[5]

---

[5] Following oral argument before the panel, on May 21, 2014, Burkey filed an Application for Post Submission Communication requesting permission to file a document, no more than four pages in length, addressing the quashal issue and specifically discussing the interplay of Rule 229 and this court's rules. On May 23, 2014, CCX filed a Response opposing any further pleading. We are constrained to agree with CCX. Burkey has had ample opportunity to address this issue. CCX originally filed its Application to Quash Appeal on September 20, 2013. Burkey filed his Answer on October 7, 2013. Subsequently, this court denied the Application to Quash Appeal on October 31, 2013, without prejudice to CCX to again raise the issue before the merits panel. On February 28, 2014, CCX filed its appellee's brief which again raised the quashal issue. On March 17, 2014, Burkey filed a reply brief that included a response to this issue. The argument of CCX as to whether this appeal should be quashed has remained the same throughout this appeal. Burkey has already had two opportunities to address this issue in writing as well as a third time at

Judgment Entered.

_____

JosephD.Seletyn,Esq.
Prothonotary

Date: <u>12/3/2014</u>

---

oral argument.  We find that no valid purpose would be served in permitting argument to continue further.