J-A12026-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| BRADLEY S. TAYLOR AND DUNES HOLDING & FUNDING, LLC, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1383 WDA 2018 |
| THOMAS J. SAILOR AND NICHOLAS D. MARSHALL | : | |

Appeal from the Order Entered September 17, 2018
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  No. GD--16-009918

BEFORE:  BENDER, P.J.E., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                    FILED AUGUST 28, 2019

Appellants, Bradley S. Taylor and Dunes Holding & Funding, LLC, appeal from the September 17, 2018 Order entered in the Allegheny County Court of Common Pleas granting the Motion for Summary Judgment filed by Appellees, Thomas J. Sailor and Nicholas D. Marshall, on their Counterclaim.  After careful review, we reverse.

The facts and procedural history are as follows.  Appellant, Bradley S. Taylor, owns an undeveloped parcel of property located at 320 Cola Street in Pittsburgh ("the Taylor Property").  Appellees Sailor and Marshall live in houses on parcels across the street from Appellant Taylor's undeveloped parcel, at 319 Cola Street and 321 Cola Street, respectively (the "Sailor Property" and the "Marshall Property").  The properties owned by Appellee

Sailor and Appellant Taylor are subject to an existing Light and Air Easement dated October 17, 2002 (the "Sailor Easement").

Appellee Marshall acquired the Marshall Property from Appellant Taylor, who, prior to the acquisition, owned both the Marshall Property and the Taylor Property. The Marshall Property is also subject to a Light and Air Easement dated March 5, 2004 (the "Marshall Easement").

Both the Sailor Easement and the Marshall Easement (collectively, the "Easements") contain the following identical provisions:

> (i) Grantee shall have an unobstructed view from and above the first floor containing the kitchen and living room of Grantee's dwelling existing on [the Sailor Property and the Marshall Property] over and across existing improvements on the [Taylor Property]; and

> (ii) Grantors shall not construct, change or alter any structure or improvement on [the Taylor Property] which will result in said structure or improvement rising to a height greater than the bottom of the first floor containing the kitchen and living room of Grantee's dwelling existing on [the Sailor Property and the Marshall Property].

Easements, 10/17/02 and 3/5/04, at 1.

Appellant Taylor has entered into a contract to sell the Taylor Property to Appellant Dunes Holding & Funding, LLC. The sale of the Taylor Property to Appellant Dunes is contingent upon Appellant Dunes's ability to build a single family home on the undeveloped Taylor Property. Appellees objected to Appellant Dunes's construction plans alleging that the structure that Appellant Dunes plans to build would exceed the restrictions set forth in the

Easements and block Appellees' unobstructed view over and across the Taylor Property.

On September 9, 2016, Appellants filed an Amended Complaint seeking a declaratory judgment that the terms of the Easements placed only a height restriction on the development of the Taylor Property. In particular, Appellants alleged that the Easements permit them, at their discretion, to construct, change, or alter any structures or improvements they desire "over the entirety of the property to a building height to an elevation of 1025.5 feet above sea level which is an elevation equal to and not rising to a height greater than the bottom of the first floor containing the kitchen and living room of the dwellings erected upon the Sailor Property and Marshall Property (hereinafter the 'Designated Height')." Amended Complaint, 9/6/16, at ¶ 15.

Appellants, therefore, requested that the court order that they could use the property "in any manner . . . so long as the use does not rise to a height greater than the Designated Height[.]"[1] Id. at 23.[2] See also Motion for Summary Judgment, 6/13/17, at 8 (unpaginated).

On October 11, 2016, Appellees filed an Answer to Appellants' Amended Complaint and Counterclaim for Declaratory Judgment setting forth Appellees'

_____

[1] Appellants defined "Designated Height" as "an elevation equal to and not rising to a height greater than the bottom of the first floor containing the kitchen and living room of the Sailor Property and Marshall Property dwellings." Amended Complaint at 23.

[2] Appellees filed a joint Answer to the Amended Complaint on October 11, 2016, and Appellee Taylor filed an Answer and Counterclaim individually on November 7, 2016.

competing interpretation of the Easements' restrictions. In particular, Appellees denied that the Easements placed only a height restriction on development of the Taylor Property, asserting that this interpretation ignores the stated intent of the parties to ensure an "unobstructed view . . . over and across" the Taylor Property. Answer, 10/11/16, at ¶¶ 15, 18.

In their Answer and Counterclaim, Appellees offered an alternative interpretation of the Easements. They asserted that the Easements have two "distinct elements": (1) a height restriction; and (2) a depth restriction ensuring that Appellees "shall retain an unobstructed view over and across any new structure on the Taylor Property." Id. at 22. Appellees asserted that a developer must "read the depth and height restrictions together to give full effect to the entire document and the parties' intent." Id. They requested that the trial court decree that: (1) the intent of the parties to the Easements was to grant and maintain an unobstructed view over and across the Taylor Property; (2) the Easements contain both height and depth restrictions; and (3) improvements on the Taylor Property are governed by both height and depth restrictions such that improvements may not exceed the height of the bottom of the first floor of Appellees' houses and may "not be built in a manner or to a depth that obstructs [Appellees] view over and across the improvement[.]" Id. at i-v (some emphasis in original, some emphasis added).

On June 13, 2017, Appellants filed a Motion for Summary Judgment. In it, they argued that the plain language of the Easements was clear that the

Easements only limited the view from and above the first floor of the Sailor Property and the Marshall Property. They asserted, therefore, that they "retain the express right to construct, change or alter structures on their property provided only that such construction does not rise to a height greater[] than[] the bottom of the first floor of the [Appellees'] dwellings. Motion for Summary Judgment, 6/13/17, at ¶¶ 28-29 (emphasis added). They expressly disputed Appellees' contention that the Easements' use of the terms "over and across" created an implied limitation as to the depth of construction on the Taylor Property. Id. at ¶ 30. They argued instead that the language "over and across existing improvements located on [the Taylor Property]" does not create an additional dimensional restriction, but rather, merely, identifies where the Easements lie. Id. at 31. In sum, Appellants argued that the plain and unambiguous language of the Easements necessitated a finding in accordance with their interpretation and against Appellees' interpretation.[3]

On July 13, 2017, Appellees filed a Response to the Motion for Summary Judgment. In the Response, Appellees articulated their position that the Easements permit Appellants to improve or construct a new dwelling on the Taylor Property "that rises to a height no greater than the bottom of the first floor containing the kitchens and living rooms of the [Appellees'] respective

_____

[3] Appellants also alleged that there was no genuine issue of material fact as to the intent of the original parties to the Easement.

houses (i.e., height), but such improvement and/or new structure shall not be built in a manner or to a depth that obstructs the [Appellees'] view over and across the improvement and/or new structure from and above the [Appellees'] first floor containing the kitchen and living room." Response, 7/13/17, at 6-7. Appellees contended that the plain language of the Easements is clear that any building on the Taylor Property "shall not be built in a manner or to a depth as to obstruct the [Appellees'] ability to have an unobstructed view over and across" the Taylor Property. Id. at 7. Appellees alleged the existence of at least four genuine issues of material fact, which would preclude entry of summary judgment, including: (1) the interpretation of the plain meaning of the "over and across" language in the Easements; (2) whether the Easements contain one or two restrictions;[4] (3) whether the parties to the Easements intended to place limitations on Appellees' view; and (4) the credibility of Appellants' witness who provided a testimonial affidavit. Id. at 7-9.

On August 9, 2017, Appellees filed, with leave of court, an Amended Answer and Counterclaim to "clarify and simplify their interpretation of the Easements in question."[5]

_____

[4] Appellees advocated for a finding of two restrictions: one limiting the height of construction and one ensuring an unobstructed view. Response at 8-9.

[5] See Appellees' Motion for Summary Judgment, 2/21/18, at ¶ 15.

On August 23, 2017, the trial court denied Appellants' Motion for Summary Judgment without an Opinion. [6]

On February 21, 2018, Appellees filed a Motion for Summary Judgment on their Counterclaim. They argued that the stated intent of the original parties to both Easements is clearly and unambiguously "to grant an 'easement for light, air, and view over and across existing improvements on [the Taylor Property],' and convey a 'perpetual and permanent easement for light, air, and view over and across existing improvements located on [the Taylor Property] for the benefit of [the Sailor Property and the Marshall Property].'" Appellees' Motion for Summary Judgment, 2/21/18, at ¶¶ 29-30. Appellees averred that the court had already rejected Appellants' "illogical" interpretation of the Easements—that the Easements did not preclude building in a way that would obstruct Appellees' view over and across any improvements—as contrary to the plain language of the Easements. Id. at 39-41. They concluded, therefore, that there were no material facts in dispute and that they were entitled to judgment as a matter of law on their interpretation of the Easements permitting Appellants to "build a structure rising to the bottom of the first floor containing the kitchens and living rooms,

_____

[6] In its December 5, 2018 "Memorandum in Lieu of Opinion," the trial court explained that denying Appellants' Motion for Summary Judgment "meant that [Appellants] would be in violation of [Appellees'] easements[] if they built a structure higher [than the bottom of Appellees'] first floors." Memorandum, 12/5/18, at 3. Thus, the court did not find that there was an issue of material fact precluding it from entering summary judgment. Rather, it simply rejected Appellants' interpretation of the Easements in favor of Appellees' interpretation.

but the building shall not be built in a manner as to obstruct the [Appellees']
ability to have an unobstructed view over and across it." Id. at 41-46.

On May 25, 2018, Appellants filed a Response in opposition to Appellees'
Motion for Summary Judgment.

On September 17, 2018, the trial court granted Appellees' Motion for
Summary Judgment. It found that the Easements unambiguously contain two
distinct elements: (1) restricting the height of any structures on the Taylor
Property to the bottom of the first floor containing the kitchens and living
rooms of the Sailor Property and the Marshall Property; and (2) preserving
the Appellees' unobstructed view from and above the first floor containing the
kitchens and living rooms of the Sailor Property and the Marshall Property over
and across the Taylor Property. Order, 9/17/18.

This appeal followed. Appellants complied with Pa.R.A.P. 1925 and the
trial court filed a "Memorandum in Lieu of Opinion."

Appellants' raise the following five issues on appeal, which we have
reordered for ease of disposition:

1. Whether the within appeal should be quashed where an Order
   granting summary judgment and declaring the rights of the
   parties in a [D]eclaratory [J]udgment action has been entered
   but where a prior, interlocutory Order of the [t]rial [c]ourt was
   not immediately appealed?

2. Whether the [c]ourt erred and/or abused its discretion in
   finding that the easements at issue are unambiguous where
   the easements are reasonably susceptible to different
   constructions and capable of being understood in more than
   one sense?

3. Whether the [c]ourt erred and/or abused its discretion in failing to find that the easements at issue provide only that the unobstructed view is only from and above [Appellees'] first floor containing the kitchen and living room as set forth in the easements?

4. Whether the [c]ourt erred and/or abused its discretion in finding that the easements at issue [ ] contain an element that [Appellees] retain an unobstructed view over and across any improvement or new structure on [the Taylor Property] from and above [Appellees'] first floor containing the kitchen and living room where the express language of the easements does not provide for such a restriction as found by the [c]ourt below?

5. Whether the [c]ourt erred and/or abused its discretion in failing to find that the easements at issue provide that [Appellants] may use [the Taylor Property] in any manner including constructing improvements or structures over the property subject only to the limitation that the use not rise to a height greater than the bottom of the first floor containing the kitchen and living room of [Appellees'] residences as set forth in the easements?

Appellants' Brief at 3-4.

In their first issue, Appellants argue that this appeal is timely from the court's September 17, 2018 Order. In its December 5, 2018 Opinion, the trial court suggested that the instant appeal is untimely, as Appellants should have taken an appeal from its August 23, 2017 Order denying Appellants' Motion for Summary Judgment in this action for declaratory judgment, but failed to do so. We disagree with the trial court that this appeal is untimely.

It is well-established that an appeal may properly lie from "(1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 42 Pa.C.S. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313)." In re Estate of McAleer, 194 A.3d 587, 592 (Pa. Super. 2018).

Pennsylvania Rule of Appellate Procedure 341 defines a final order as follows:

> (a) General Rule.--Except as prescribed in paragraphs (d) and (e) of this rule, an appeal may be taken as of right from any final order of a government unit or trial court.
>
> (b) Definition of Final Order.--A final order is any order that:
>
> (1) disposes of all claims and of all parties; or
>
> (2) RESCINDED[7]
>
> (3) is entered as a final order pursuant to paragraph (c) of this rule.
>
> (c) Determination of finality.--When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other government unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order.

Pa.R.A.P. 341(c) (emphasis in original).

We recognize that this Court has held that "interlocutory orders dismissing various parties piecemeal from a lawsuit may not be appealed until the case is concluded as to the final remaining party and the case is therefore resolved as to all parties and all claims. Burkey v. CCX, Inc., 106 A.3d 736,

---

[7] Section 341(b)(2) previously stated that final orders included "any order that is expressly defined as a final order by statute[.]" Pa.R.A.P. 341(b)(2) (rescinded). Subsection (b)(2) was rescinded December 14, 2015 and replaced with Rule 311(a)(8), which became effective on April 1, 2016.

738 (Pa. Super. 2014). In this case, the lower court's order cannot be deemed final under Rule 341 as it did not resolve Appellees' counterclaim against Appellants.

However, Rule 311, which addresses interlocutory appeals as of right, specifically states, in part, that an "appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from . . . [a]n order that is made final or appealable by statute or general rule, even though the order does not dispose of all claims and of all parties." Pa.R.A.P. 311(a)(8).[8] Relevant to the

_____

[8] Our Supreme Court has found the repealed Rule 341(b)(2) and the effective Rule 311(a)(8) are "functionally equivalent in that they both explain that an order is final if it is defined as final by statute." Pa. Mfrs.' Ass'n Ins. Co. v. Johnson Matthey, Inc., 188 A.3d 396, 399 n.4 (Pa. 2018). The note to Rule 341 explains the rationale for the rescission of subparagraph (b)(2) and specifically discusses its effect on appeals from orders granting or denying a declaratory judgment:

> The 2015 rescission of subparagraph (b)(2) eliminated a potential waiver trap created by legislative use of the adjective "final" to describe orders that were procedurally interlocutory but nonetheless designated as appealable as of right. Failure to appeal immediately an interlocutory order deemed final by statute waived the right to challenge the order on appeal from the final judgment. Rescinding subparagraph (b)(2) eliminated this potential waiver of the right to appeal. If an order designated as appealable by a statute disposes of all claims and of all parties, it is appealable as a final order pursuant to Pa.R.A.P. 341. If the order does not meet that standard, then it is interlocutory regardless of the statutory description. Pa.R.A.P. 311(a)(8) provides for appeal as of right from an order that is made final or appealable by statute or general rule, even though the order does not dispose of all claims or of all parties and, thus, is interlocutory; Pa.R.A.P. 311(g) addresses waiver if no appeal is taken immediately from such interlocutory order.

instant case, Section 7532 of the Declaratory Judgment Act provides that courts of record have the power to declare the rights, status, and other legal relations and that "such declarations shall have the force and effect of a final judgment or decree." 42 Pa.C.S.A. § 7532.

Whether an order declaring the rights of parties is final depends on: (1) the effect of the lower court's decision on the scope of the litigation; and (2) the practical effect of the decision on the outcome of the case. Pa. Mfrs.' Assoc. Ins. Co., 188 A.3d at 399-400 (Pa. 2018). "If the order in question merely narrows the scope of the litigation and does not resolve the entirety of the parties' eligibility for declaratory relief, then the order is interlocutory and not immediately appealable." Id. at 400 (citation omitted).

Appellants argue that they were not required to file an immediate appeal from the August 23, 2017 Order. They assert that the Order was not a final Order because it did not dispose of all claims and all parties. Appellants' Brief

---

One of the further effects of the rescission of subparagraph (b)(2) is to change the basis for appealability of orders that do not end the case but grant or deny a declaratory judgment. See Nationwide Mut. Ins. Co. v. Wickett, 763 A.2d 813, 818 (Pa. 2000); Pa. Bankers Ass'n v. Pa. Dep't. of Banking, 948 A.2d 790, 798 (Pa. 2008). The effect of the rescission is to eliminate waiver for failure to take an immediate appeal from such an order. A party aggrieved by an interlocutory order granting or denying a declaratory judgment, where the order satisfies the criteria for "finality" under Pennsylvania Bankers Association, may elect to proceed under Pa.R.A.P 311(a)(8) or wait until the end of the case and proceed under subparagraph (b)(1) of this rule.

Pa.R.A.P. 341, Note (emphasis added).

at 20. Rather, relying on explanation set forth by the legislature in the Note to Rule 341, Appellants argue that, even if the August 23, 2017 Order was interlocutory but appealable as of right pursuant to Rule 311(a)(8), they were not required to take an immediate appeal and their failure to do so does not result in waiver of the right to appeal. Id. at 20-21 (citing Pa.R.A.P. 341, Note).

This Court's review of the record indicates that the August 23, 2017 Order denying Appellants' Motion for Summary Judgment did not constitute a final Order declaring the rights of the parties. At the time the trial court entered this Order, the court had not yet ruled on Appellees' Counterclaim setting forth their competing interpretation of the language of the Easements. Thus, the order did not "resolve the entirety of the parties' eligibility for declaratory relief," but rather, merely "narrow[ed] the scope of the litigation." Pa. Mfrs.' Assoc. Ins. Co., 188 A.3d at 400. Appellants' appeal is, therefore, properly before this Court.[9]

In their second issue, Appellants allege that the trial court erred in granting summary judgment on Appellees' Counterclaim because the Easements are ambiguous and susceptible to different interpretations. Appellants' Brief at 36.

---

[9] Moreover, even if the August 23, 2017 Order had been final, we would agree with Appellants that, because of the discretion Rule 311(a)(8) offers to an aggrieved party, this appeal is timely.

Our Supreme Court has clarified our role as the appellate court as follows:

> On appellate review [ ], an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is de novo. This means we need not defer to the determinations made by the lower tribunals. To the extent that this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record.

Summers v. Certainteed Corp., 997 A.2d 1152, 1159 (Pa. 2010) (citations and quotation omitted).

A trial court may grant summary judgment "only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Id. (citation and quotation omitted); see also Pa.R.C.P. 1035.2(1). "When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party." Summers, supra at 1159 (citation omitted). "In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment where the right to such judgment is clear and free from all doubt." Id. (citation and internal quotation marks omitted).

We review the trial court's interpretation of the language in an easement as a question of law; as such, our scope of review is plenary. PARC Holdings, Inc. v. Killian, 785 A.2d 106, 112 (Pa. Super. 2001). "[T]he same rules of

construction that apply to contracts are applicable in the construction of easements[.]" McNaughton Props., LP v. Barr, 981 A.2d 222, 227 (Pa. Super. 2009) (citation omitted).

> As with any contract the rights conferred by the grant of an express easement must be ascertained solely from the language of the deed, provided that the deed language is unambiguous. When the language is ambiguous, however, a court may resort to evidence of extrinsic circumstances as an aid to interpretation. When the purposes of an express easement are not specifically stated, the court must ascertain the objectively manifested intention of the parties in light of the circumstances in existence at the time of conveyance. Whether an ambiguity exists is a question of law subject to plenary review. However, resolution of conflicting parol evidence relevant to what the parties intended by an ambiguous provision is for the trier of fact.

PARC Holdings, 785 A.2d at 112 (citations omitted).

Instantly, the trial court granted summary judgment in favor of Appellees because it found the language of the Easements unambiguous, and concluded that the plain language of the Easements supported Appellees' interpretation.

Following our review of the Easements, we are constrained to disagree with the trial court that their terms are unambiguous. We focus, in particular, on Subparagraph (i), which, as noted above, contains the following language:

> (i)    Grantee shall have an unobstructed view from and above the first floor containing the kitchen and living room of Grantee's dwelling existing on [the Sailor Property and the Marshall Property] over and across existing improvements on the [Taylor Property];

Easements, 10/17/02 and 3/5/04, at 1 (emphasis added).

It is undisputed that the Taylor Property is now, and has always been, undeveloped. However, the Easements refer to restrictions "over and across existing improvements" on that lot. Use of the term "existing improvements" in easements over a property that is undisputedly undeveloped creates an ambiguity whose meaning requires further fact-finding. Thus, an issue of material fact exists as to what the parties intended by this provision in the Easements. The entry of summary judgment was, therefore, inappropriate at this time.[10]

Order reversed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/2019

---

[10] In light of this disposition, we need not address Appellants' remaining issues.