J-S54001-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARCUS HAND | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| ANDREW DANCHA, M.D.; SANDRA | : | |
| SNYDER; DR. MCGREGOR; PAULA | : | |
| PRICE; DR. MARTY COLE., M.D.; | : | |
| WEXFORD HEALTH SOURCES, INC.; | : | |
| CORIZON HEALTH CARE SERVICE | : | No. 827 MDA 2019 |

Appeal from the Order Entered April 30, 2019
In the Court of Common Pleas of Huntingdon County Civil Division at
No(s):  2015-00717

BEFORE:  BOWES, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY BOWES, J.:               **FILED NOVEMBER 12, 2019**

Marcus Hand ("Mr. Hand") appeals *pro se* from the order that denied his petition for leave to appeal *nunc pro tunc*.  We affirm.

Mr. Hand, a state prison inmate, filed a complaint alleging medical malpractice against Dr. Andrew Dancha, Dr. Deborah McGregor, Dr. Marty Cole, Sandra Snyder, Paula Price, Wexford Health Sources, Inc., and Corizon Health Care Services in connection with their treatment of Mr. Hand at SCI-Huntingdon.  The trial court granted summary judgment in favor of some, but not all, of the defendants.  Appellant appealed that order.  This Court quashed the appeal as interlocutory because the order appealed from did not resolve all claims as to all parties.  **Hand v. Dancha**, 194 A.3d 654 (Pa.Super. 2018) (unpublished memorandum).

On July 17, 2018,[1] Mr. Hand filed in the trial court a motion to dismiss all remaining defendants. On October 8, 2018, Mr. Hand filed a praecipe dismissing said defendants.[2] On October 11, 2018, the trial court entered an order granting Mr. Hand's July motion to dismiss. The next activity on the docket is the filing of Mr. Hand's *nunc pro tunc* appeal on January 14, 2019,[3] in which Mr. Hand averred that he did not receive the trial court's October 11, 2018 order until January 11, 2019. The trial court, explaining that Mr. Hand was required to seek and obtain leave of court before appealing *nunc pro tunc*, instructed the prothonotary to file, but not process, Mr. Hand's notice of appeal.

Mr. Hand promptly thereafter filed a motion for leave to appeal *nunc pro tunc* in which he again represented that he had not known that the trial court granted his motion to dismiss until he received a copy of the trial court's October 2018 order in January 2019, and detailed the efforts he had made in

_____

[1] The motion is dated July 17, 2018, and was docketed on July 23, 2018. As Mr. Hand has been incarcerated at all times relevant to this appeal, his filings are deemed to have been filed on the date he deposited them with prison authorities for mailing. **See Thomas v. Elash**, 781 A.2d 170, 176 (Pa.Super. 2001) ("[T]he prisoner mailbox rule applies to all *pro se* legal filings by incarcerated litigants."). Mr. Hand did not make a record of any information about the dates when any of the filings at issue herein were given to prison authorities to be mailed. While giving him the benefit of the doubt makes no difference to our ultimate determination, we shall use the date placed on each document by Mr. Hand as the filing date.

[2] The praecipe was docketed on October 16, 2018.

[3] The notice of appeal was not docketed until February 12, 2019.

the interim to monitor the status of his motion. The trial court acknowledged that Mr. Hand had pled "facts which point to the conclusion that he did not receive the copy of the October 11, 2018 order granting his motion to dismiss . . . until January 11, 2019." Memorandum, 4/30/19, at 3. The court nonetheless denied Mr. Hand's motion to appeal *nunc pro tunc* on the basis that Mr. Hand "proffered no explanation as to why he did not file a timely appeal immediately after he filed the praecipe to discontinue" in October 2018. ***Id***.

Mr. Hand timely appealed from the trial court's April 30, 2019 order denying his motion to appeal *nunc pro tunc*, and both Mr. Hand and the trial court complied with Pa.R.A.P. 1925. Mr. Hand presents the following questions:

> (1) Whether the [trial] court committed an error of law or abused its discretion by disregarding the breakdown in court operations?
>
> (2) Whether the [trial] court misapplied the law in determining that the praecipe to discontinue was a final order?

Mr. Hand's brief at 2.

We begin with a review of the applicable law. Denial of an appeal *nunc pro tunc* is within the discretion of the trial court, and we will reverse only for an abuse of that discretion. ***Fischer v. UPMC NW.***, 34 A.3d 115, 120 (Pa.Super. 2011) (internal quotation marks omitted). An abuse of discretion is not a mere error in judgment. Rather, it is "where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the

result of partiality, prejudice, bias or ill will, as shown by the evidence or the record, [that] discretion is abused." ***Union Elec. Corp. v. Bd. of Prop. Assessment, Appeals & Review of Allegheny Cty.***, 746 A.2d 581, 583 (Pa. 2000) (internal quotation marks omitted).

> Allowing an appeal *nunc pro tunc* is a recognized exception to the general rule prohibiting the extension of an appeal deadline. . . . [A]n appeal *nunc pro tunc* is intended as a remedy to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances. Generally, in civil cases, an appeal *nunc pro tunc* is granted only where there was fraud or a breakdown in the court's operations through a default of its officers.

***Id***. at 584 (cleaned up). "Cases involving a breakdown in court operations often involve a failure on the part of the prothonotary to fulfill his or her ministerial duties, such as the filing of dispositions and other relevant information on the appropriate docket, or giving notice of these dispositions to interested parties." ***Fischer***, ***supra*** at 120 (internal quotation marks omitted).

> In addition to the occurrence of fraud or breakdown in the court's operations, *nunc pro tunc* relief may also be granted where the appellant demonstrates that (1) his notice of appeal was filed late as a result of nonnegligent circumstances, either as they relate to the appellant or the appellant's counsel; (2) he filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay.

***Vietri ex rel. Vietri v. Delaware Valley High Sch.***, 63 A.3d 1281, 1284 (Pa.Super. 2013) (cleaned up). "The exception for allowance of an appeal *nunc pro tunc* in non-negligent circumstances is meant to apply only in unique and compelling cases in which the appellant has clearly established that she

attempted to file an appeal, but unforeseeable and unavoidable events precluded her from actually doing so." *Fischer*, *supra* at 120 n.2 (internal quotation marks omitted).

With these principles in mind, we consider Mr. Hand's arguments. He asserts that there was a breakdown in court operations because the prothonotary failed to serve him with notice of the October 11, 2018 order as is required by Pa.R.C.P. 236(a)(2). Mr. Hand's brief at 11-12. Elsewhere, he insists that the fact that he did not receive the order until January 11, 2019, demonstrates that there was either a breakdown in court operations or "some other third party negligence.[.]" *Id*. at 17. Mr. Hand maintains that the trial court's failure to grant *nunc pro tunc* relief in light of this breakdown constituted an abuse of discretion. *Id*. at 13. At the least, he suggests, the court should have held "a hearing to determine the origin of the breakdown." *Id*. at 17.

Mr. Hand further contends that the trial court's "reliance on Pa.R.C.P. 229(a) as a reasoning for denying [Mr. Hand's] motion seeking leave to file an appeal *nunc pro tunc* does not apply in the instant case[.]" *Id*. at 16. He suggests that the trial court's reasoning "is an overreach from established law and an abuse of discretion because Pa.R.C.P. 229(b)(2) does not allow for a discontinuance in medical professional liability actions." *Id*. It is Mr. Hand's position that he "was compelled by Rule 1042.3 to wait until an order granting

[his motion to] dismiss was received by him in order to file an appeal." *Id*. at 18.

Upon a review of the record, we cannot conclude that Mr. Hand has established that the trial court misapplied the law or otherwise abused its discretion. For the following reasons, we agree with the trial court that, even assuming *arguendo* that there had been a court breakdown or third-party interference with Mr. Hand's receipt of the court's order granting his motion to dismiss,[4] Mr. Hand's independent action of filing the praecipe to voluntarily dismiss all of the remaining defendants resolved the case in the trial court and rendered the prior interlocutory orders final and appealable as of that date.

Mr. Hand properly observes that a court order marking a case settled as to all remaining parties serves to make final all prior orders that disposed of fewer than all claims or parties. *See* Mr. Hand's brief at 16 (citing *Burkey v. CCX, Inc.*, 106 A.3d 736, 741 (Pa.Super. 2014)). However, he ignores the salient portion of the *Burkey* decision, *i.e.* that "a case may be resolved against the final defendant by other than an order of court, as happens where the case against the sole remaining defendant is discontinued or settled[.]" *Burkey*, *supra* at 739.

_____

[4] Although we assume a breakdown for the sake of argument, we observe that no breakdown of court operations is apparent from the face of the record. From our review of the docket, it appears that the prothonotary satisfied all applicable Pa.R.C.P. 236 obligations. The cause of Mr. Hand's failure to receive the order, which appears to have been processed and recorded the same as all of the other orders Mr. Hand did receive, remains a mystery.

Voluntary discontinuances are governed by Pa.R.C.P. 229, which provides as follows in relevant part:

(a) A discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial.

(b)(1) Except as otherwise provided in subdivision (b)(2), a discontinuance may not be entered as to less than all defendants except upon the written consent of all parties or leave of court upon motion of any plaintiff or any defendant for whom plaintiff has stipulated in writing to the discontinuance.

(2) In an action governed by Rule 1042.3, a plaintiff may enter a discontinuance as to a defendant if a certificate of merit as to that defendant has not been filed.

Note: Rule 1042.3 requires the filing of a certificate of merit as to a defendant against whom a professional liability claim is asserted.

Pa.R.C.P. 229.

Mr. Hand's praecipe dismissed all of the remaining defendants. The dismissal was immediately effective under Rule 229(a) to make the prior orders final and appealable. *See*, *e.g.*, *Motley Crew, LLC v. Bonner Chevrolet Co., Inc.*, 93 A.3d 474, 477 n.5 (Pa.Super. 2014) (noting that a praecipe to discontinue the remaining claims or parties makes prior interlocutory orders as to the other claims or parties final for appeal purposes). Subsection (b)(1) of the rule was not applicable and leave of court was not required because there were no other defendants left to consent to the discontinuance. *See Burkey*, *supra* at 741 (quashing appeal filed more than thirty days after the filing of a stipulation to dismiss the last remaining

defendant because "simply stated, Rule 229 requires court approval only where fewer than all defendants are being dismissed and there is not written consent from all parties"). *See also Glenn v. Horan*, 765 A.2d 426, 428 n.1 (Pa.Cmwlth. 2001) (cited with approval in *Motley Crew, LLC*, *supra* at 477 n.5) (holding interlocutory order sustaining preliminary objections and dismissing complaint as to one defendant became final and appealable when the plaintiff entered a "Praecipe to Settle, Discontinue, and End" as to the remaining defendants).

The fact that this is a medical malpractice action for which Mr. Hand filed a certificate as to all defendants does not change the analysis. By its plain language, subsection (b)(2) provided an **exception** to the general rule that a plaintiff needs the consent of the parties or leave of court when discontinuing as to fewer than all defendants. Subsection (b)(2) gives a medical malpractice plaintiff an additional avenue for dismissing fewer than all defendants. It does not, as Mr. Hand represents, provide that if the case is a medical malpractice action and a certificate of merit was filed, then a court order provides the **only** means of dismissing any or all defendants.

Mr. Hand unilaterally rendered the summary judgment orders he wished to appeal final when he filed his praecipe to dismiss all of the other defendants. Mr. Hand further acknowledges that he received the requested time-stamped copy of the praecipe from the prothonotary indicating that it had been filed on October 16, 2018. *See* Mr. Hand's brief at 11. He did not allege in his petition

for leave to file a *nunc pro tunc* appeal that his mistaken belief that further court action was necessary to effectuate his praecipe was engendered by any court official's misrepresentation. As the delay in filing the appeal was instead based upon Mr. Hand's misunderstanding of the law, he has failed to establish his right to *nunc pro tunc* relief.

Nor does Mr. Hand's pro se status warrant a different result. Although Mr. Hand is correct that this Court liberally construes the filings of a *pro se* litigant, **see** Mr. Hand's brief at 18, it is also true that "a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." **Commonwealth v. Freeland**, 106 A.3d 768, 776 (Pa.Super. 2014) (internal quotation marks omitted). "Any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing." **Commonwealth v. Gray,** 608 A.2d 534, 550 (Pa.Super. 1992) (cleaned up). Unfortunately for Mr. Hand, that is precisely what occurred here.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/12/2019