J-A22044-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| LYNDA KASKO | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| DENNIS ANGLE, ESTATE OF DENNIS ANGLE, DEBORAH WRIGHT AND THOMAS BAKER | |
| Appellee | No. 518 MDA 2020 |

Appeal from the Order Entered February 21, 2020
In the Court of Common Pleas of York County
Civil Division at No: 2016-SU-002201-69

BEFORE: SHOGAN, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY STABILE, J.: **FILED OCTOBER 08, 2020**

Appellant, Lynda Kasko, appeals from an order in this personal injury action sustaining the preliminary objections of Dennis Angle and the Estate of Dennis Angle, dismissing these parties as defendants in this case, and denying leave to add Lucy Angle, administratrix of the estate of Dennis Angle, as a defendant. We affirm. Appellant's action is a nullity against Dennis Angle, a dead person, and the estate of Dennis Angle. Appellant cannot add Lucy Angle as a defendant in this action, or file a new action against her, due to expiration of the two-year statute of limitations.

Appellant alleges that on January 17, 2015, she was a passenger in an automobile driven by Deborah Wright and owned by Thomas Baker traveling on Route 30 in Manchester Township, Pennsylvania. Dennis Angle, who was

driving another vehicle on Route 30, allegedly lost control of his vehicle and collided with Appellant's vehicle, causing Appellant to sustain bodily injuries.

On December 24, 2015, Dennis Angle died. On April 19, 2016, the York County Register of Wills entered a decree granting letters of administration to Angle's widow, Lucy Angle, upon the filing of a petition for grant of letters.

On August 22, 2016, Appellant filed a civil complaint against Dennis Angle, Wright, and Baker, alleging negligence. On October 10, 2016, Appellant attempted to serve Angle at his residence. A woman claiming to be Angle's ex-wife, Ruby, informed the process server that Angle had died.

On December 21, 2016, Appellant filed an amended complaint naming "Dennis Angle" and the "Estate of Dennis Angle" as defendants along with Wright and Baker.

On January 17, 2017, the two-year statute of limitations for personal injury actions expired.

On February 10, 2017, counsel for Dennis Angle and the estate of Dennis Angle filed preliminary objections to Appellant's amended complaint alleging improper service and failure to name the correct defendant. The proper defendant, counsel argued, was the personal representative of the estate of Dennis Angle. Counsel contended that the actions against Dennis Angle and the "estate of Dennis Angle" were nullities under Pennsylvania law.

On February 22, 2017, Appellant filed a response to the preliminary objections admitting that she learned about Dennis Angle's death on November 12, 2016.

On February 28, 2017, Appellant filed a motion to amend the complaint to include "Lucy Angle, administratrix of the estate of Dennis Angle" as a defendant in the caption of the complaint. On the same date, without ruling on the preliminary objections, the trial court granted Appellant's motion to amend the complaint.

Several weeks later, counsel for Dennis Angle and the estate of Dennis Angle filed a motion for reconsideration of the February 28, 2017 order. On September 22, 2017, the trial court granted the motion for reconsideration and denied Appellant leave to add Lucy Angle as a defendant in her capacity as administratrix. The court reasoned, "[Appellant's] only recourse, upon discovering Dennis Angle was deceased, was to file a new action against the personal representative of the estate before the statute of limitations expired. [Appellant] failed to do this . . . ." Order, 9/22/17, at 7. In the same order, the court sustained the preliminary objections of Dennis Angle and the estate of Dennis Angle, holding that the action against them "must be dismissed as void under the law." **Id.**

On February 21, 2020, the court granted summary judgment to the remaining defendants in this case, Baker and Wright, thus making the September 22, 2017 order ripe for appeal.[1] Appellant filed a timely notice of

---

[1] **Burkey v. CCX, Inc.**, 106 A.3d 736, 738 (Pa. Super. 2014) (interlocutory orders dismissing various parties piecemeal from lawsuit may not be appealed until case is concluded as to final remaining party and case is resolved as to all parties and all claims).

appeal and filed a Pa.R.A.P. 1925 statement challenging the September 22, 2017 order.[2]

Appellant raises the following issues in this appeal:

[1.] Whether the Court erred in granting Appellee's Motion for Reconsideration as to Appellant's Motion to Amend the Complaint to add Lucy Angle as the Administratrix of the Estate of Dennis Angle and granting Appellant's preliminary objection for commencing a case against the Estate of Dennis Angle[,] where the Appellant was deceived that Appellee was deceased and [as to] the identity of the Administratrix?

[2.] Whether the Court had erred in denying Appellant's motion to amend the Complaint to add Lucy Angle as the Administratrix [because] Appellant had already served the decedent and satisfied the [**Lamp v. Heyman**] good faith standard[?]

Appellant's Brief at 1-2.

_____

[2] The prothonotary did not enter the Rule 1925 statement on the docket; nor do we see one in the record. Nevertheless, the trial court filed a Rule 1925 opinion stating that Appellant "filed" a "document . . . [that] does not meet the standards set forth in [Rule] 1925." Trial Ct. Opinion, 4/14/20, at 1. The court added that the one claim of error in the document that satisfied Rule 1925 was Appellant's objection to the September 22, 2017 order. **Id.** at 2.

Rule 1925 statements must be "filed of record." Pa.R.A.P. 1925(b)(1). The failure to file a Rule 1925 statement in a civil case results in waiver of all issues on appeal. **Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 223 (Pa. Super. 2014) (*en banc*). Based on the trial court's observation that Appellant "filed" a document objecting to the September 22, 2017 order in a manner that satisfied Rule 1925, we will assume that Appellant timely submitted a Rule 1925 statement to the prothonotary. Accordingly, we deem Appellant's Rule 1925 statement "filed of record," Pa.R.A.P. 1925(b)(1), and find her objection to the September 22, 2017 order preserved for appeal.

- 4 -

We first address the court's decision to sustain the preliminary objections of Dennis Angle and the estate of Dennis Angle and dismiss Appellant's action against them. In an appeal from an order sustaining preliminary objections in the nature of a demurrer, our standard of review is de novo and our scope of review is plenary. *Frank v. TeWinkle*, 45 A.3d 434, 438 (Pa. Super. 2012). We may affirm a trial court's decision to sustain a demurrer where it is clear that the plaintiffs are unable to prove facts legally sufficient to establish a right to relief. *Id.* In making that determination, this Court must accept as true all well-pleaded material averments of fact in the complaint and every inference that is fairly deducible from those facts. *Id.*

Where the plaintiff files an action against a natural person who died prior to commencement of the action, the action is null and void because a dead man cannot be a party to the action. *Prevish v. Northwest Medical Center Oil City Campus*, 692 A.2d 192, 200 (Pa. Super. 1997) (*en banc*) (citing *Thompson v. Peck*, 181 A. 597, 598 (Pa. 1935)). Here, Dennis Angle died in December 2015, nine months before Appellant filed her initial complaint. Thus, the action against Dennis Angle is null and void, and the trial court properly dismissed the action against him.

The decision to dismiss the estate of Dennis Angle was proper as well. *Prevish* teaches that "a decedent's estate cannot be a party to litigation unless a personal representative exists . . . [A]ll actions that survive a decedent must be brought by or against the personal representative of the

decedent's estate." *Id.* at 200. Thus, "an action brought by or against such an estate is void." *Id.* at 201. The action against the estate of Dennis Angle was a nullity.

Next, Appellant challenges the order denying Appellant leave to amend her amended complaint to add Lucy Angle as a defendant in her capacity as administratrix of Dennis Angle's estate. We review orders denying leave to amend pleadings for abuse of discretion. *Debbs v. Chrysler Corp.*, 810 A.2d 137, 148 (Pa. Super. 2002).

The order denying leave to amend was proper in view of this Court's decision in *Montanya v. McGonegal*, 757 A.2d 947 (Pa. Super. 2000). In *Montanya*, on May 26, 1997, Pamela Montanya was involved in a motor vehicle with Robert McGonegal. McGonegal died on December 27, 1997. In April 1999, Montanya and her husband filed a personal injury action against McGonegal. The sheriff served McGonegal's widow with the complaint. In July 1999, preliminary objections were filed on behalf of McGonegal seeking dismissal of the complaint. The Montanyas filed an answer to preliminary objections alleging that they were unaware of McGonegal's death and sought leave to file a new complaint against McGonegal's personal representative. The trial court initially overruled the preliminary objections without prejudice, but it ultimately sustained the preliminary objections and dismissed the complaint. This Court affirmed, reasoning:

> It is well settled that "[a] dead man cannot be a party to an action, and any such attempted proceeding is completely void and of no

effect. Moreover, because a dead person cannot be a party to an action commenced after his death, substitution of a personal representative of the dead person's estate is improper." ***Valentin v. Cartegena***, 544 A.2d 1028, 1029 ([Pa. Super.] 1988) . . . If a plaintiff commences an action against a person who has previously deceased, the only recourse is to file a new action naming the decedent's personal representative as the defendant. ***Id.***

Here, there is no dispute that the Montanyas filed a complaint solely against Mr. McGonegal, who was deceased prior to the filing of the complaint, and that they did not name Mr. McGonegal's personal representative as a defendant. Since case law dictates that the Montanyas were not permitted to simply substitute Mr. McGonegal's personal representative as the defendant, ***See Id.***, the Montanyas' only recourse was to file a new action against Mr. McGonegal's personal representative. In this case, the statute of limitations expired before the Montanyas sought to file a new action.

***Id.***, 757 A.2d at 950. We further observed:

20 Pa.C.S.A. § 3383 provides that:

The death of a person shall not stop the running of the statute of limitations applicable to any claim against him, but a claim which otherwise would be barred within one year after the death of the decedent shall not be barred until the expiration of one year after his death. Nothing in this section shall be construed to shorten the period which would have been allowed by any applicable statute of limitations if the decedent had continued to live.

In the case *sub judice*, Mr. McGonegal died on December 27, 1997. Even applying the one-year exception, the statute of limitations expired before the Montanyas sought to file a new complaint.

***Id.*** at 949 n.3.

As in ***Montanya***, Appellant herein filed a personal injury complaint against an individual, Dennis Angle, who died before Appellant filed her

complaint. Appellant's complaint did not name Dennis Angle's personal representative as the defendant; nor did Appellant's amended complaint filed several months later. The statute of limitations expired before Appellant sought leave to join Lucy Angle in this action as a defendant in her capacity as personal representative.[3] Further, Dennis Angle's death did not toll the statute of limitations. Under 20 Pa.C.S.A. § 3383, the statute is tolled if the decedent dies less than one year before the claim would otherwise be barred. Dennis Angle died on December 24, 2015, more than one year before the expiration of the statute of limitations on January 17, 2017. Thus, the trial court properly denied Appellant leave to add Lucy Angle as a defendant.

Appellant argues that the statute of limitations should not apply because "no one alerted [her] that [Dennis Angle] had died" in December 2015. Appellant's Brief at 6. We disagree. Once again, **Montanya** is instructive. The Montanyas argued that McGonegal's widow and his insurance carrier concealed the fact that McGonegal was dead, because McGonegal's widow accepted service of the Montanyas' complaint from the sheriff without indicating that McGonegal was dead, and the insurance carrier's pre-suit correspondence indicated he was alive. We held that "mere silence" by

---

[3] Furthermore, under **Montanya**, it was improper for Appellant to seek leave to join Lucy Angle in the present action. The proper procedure would have been to file a new action against Lucy Angle in her capacity as personal representative. **Id.** at 950.

McGonegal's widow as to McGonegal's status was insufficient to toll the statute of limitations. *Id.* at 951. "The defendant," we explained, "must commit some affirmative independent act of concealment upon which the plaintiffs justifiably relied in order to toll the statute; mere silence or nondisclosure is insufficient." *Id.* Additionally, the insurance carrier's correspondence did not state that McGonegal was alive but merely had a heading reference to "Our Insured: Robert McGonegal." *Id.* The Montanyas had the obligation under these circumstances to determine whether McGonegal was deceased. *Id.* The insurance carrier's silence or nondisclosure was insufficient to constitute concealment of McGonegal's death. *Id.* at 952.

In the present case, Dennis Angle's death was not concealed in any way. To the contrary, Dennis Angle's ex-wife informed a process server that he was dead when the process server attempted to serve Appellant's complaint on October 10, 2016, more than three months before the statute of limitations expired. In addition, Appellant admitted in her response to preliminary objections that she learned about Dennis Angle's death on November 12, 2016, more than two months before expiration of the statute. Nevertheless, Appellant failed to file an action against Lucy Angle in her capacity as personal representative of Dennis Angle's estate before the statute expired. Thus, the record refutes Appellant's claim that nobody alerted her about Dennis Angle's death.

Finally, Appellant argues that the trial court should have overruled Appellee's preliminary objection to service of process because she made a good faith attempt to serve process in accordance with **Lamp v. Heyman**, 366 A.2d 882 (Pa. 1976). The service issue is moot because Appellant's action fails for an entirely different reason: her failure to serve the correct party (Lucy Angle in her capacity as personal representative) within the statute of limitations.

For these reasons, the trial court properly dismissed Appellant's action against the estate of Dennis Angle and properly denied Appellant leave to amend her complaint to join Lucy Angle in her capacity as personal representative of Dennis Angle's estate, as a defendant.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/8/2020